SAMUEL CATTS, CHARLES KATZ, ANNA CUNINGHAM and ALAN
    CUNINGHAM,
                Complainants below, Appellants,

*vs.*

THE TOWN OF SMYRNA, a Municipal Corporation of the State
    of Delaware; SAMUEL J. REYNOLDS, President of the Town
    Council of said town; HARRY B. GRIEVES, JOHN P. HUD-
    SON, JOSEPH H. WRIGHT, JAMES H. ROBERTS, JAMES N.
    LLOYD and SAMUEL A. FORTNER, Councilmen, constituting
    the TOWN COUNCIL OF THE TOWN OF SMYRNA, and EUGENE
    CROW, Alderman of said town,
                Defendants below, Appellees.

*Supreme Court, on appeal, June Term, A. D.* 1915.

In the absence of anything affecting the validity of a town's assess-
ment for paving, curbing and guttering a street, the knowledge of the
abutting owners, or any of them, that the improvements were being made,
and that the cost was to be assessed against their land, the improvements
being of special benefit thereto, estopped the owners from denying the
sufficiency of the notice served on them, directing them to cause the pav-
ing, curbing and guttering.

Where the curbing in a street was set some sixteen inches or more
east of the correct west line of the street, and so within the street, the
town's assessment against abutting owners for the cost of curbing and
guttering was not invalid or unlawful by reason of the error in locating
the curbs and gutters, so that the owners were not entitled to equitable
relief against the assessment, as they suffered no injury.

APPEAL FROM THE COURT OF CHANCERY FOR KENT COUNTY.
This is an appeal from the decree in the above stated cause,
entered by the Chancellor in accordance with an opinion filed
on February sixteenth, A. D. 1915.

The assignment of errors are summarized in the opinion
of the court.

BILL TO RESTRAIN SALE OF PERSONAL PROPERTY.—A mo-
tion made by the complainants for a decree notwithstanding

the answer was argued, and for the reasons stated in the opinion of the Chancellor heretofore filed in this case *Ante p.* 263 (91 *Atl.* 297), respecting the motion, he declined to decide the cause upon the motion and ordered the cause to proceed to hearing.

On December 15, 1914, the cause was heard by agreement of the solicitors by the Chancellor upon oral testimony produced before him. It was admitted, at the hearing, that Samuel Catts was dead and his executor made party complainant in his stead, and a copy of his will was offered in evidence; also that the notice from the town of Smyrna had been served on Samuel Catts, Charles Katz and Sarah E. Cunningham, then owners of the land, in the manner alleged in the answer of the defendants. A map of the town of Smyrna, made in 1855, was produced from the office of the Recorder of Deeds for Kent County and offered in evidence by the complainants, and showed Main Street to be forty feet wide between curbs. The complainants also offered evidence to show that Main Street was the public road known as the "State Road," the width of which was fixed by law at forty feet. A plot showing the location of the curb on both sides of the street in front of the complainants' land was also put in evidence by the complainant.

The defendant proved the passage of the ordinance requiring the curb and gutter to be set and pavement laid in front of the complainant's land; the notice to the lot owners to do the work; the warrant to the alderman to collect the cost thereof by levy; and the levy made pursuant thereto. It was also shown by the testimony of Walter O. Hoffecker, a surveyor, that from measurements made at various points on Main Street for several squares to the north of the complainants' land, there was a variation in the width of the roadway between curbs from thirty-five feet to forty feet, and that only at one place of measurement did he find it to be forty feet. Also that the center stones shown in the recorded city plan made in 1855 were removed several years ago, and that without them it cannot be ascertained which side of Main Street is in a position correct according to that plot.

The solicitors submitted briefs of their argument.

The following was the opinion of the Chancellor:

" The matters of fact upon which the opinion rendered on the motion of the complainants for a decree notwithstanding the answer was based were all established by evidence produced at the hearing, and the only real dispute was as to the validity of the location of the curb and gutter. Without reviewing the questions, it is here reaffirmed, for the reasons stated in the opinion, that the court has jurisdiction of the cause; that the provisions of the charter of the town, the Act of 1897, controlled in determining the validity of the assessment, and that the written notice to the then owners of the land to lay the sidewalk, curb and gutter was a sufficient compliance with the law to warrant the procedure by the town to collect the cost of the improvement from the owners by a levy on their goods and chattels and by a sale thereof.

"This much being settled, it follows that the sidewalk was laid regularly and no sufficient legal reason is shown why the town had not a right to sell the personal property levied on in order to enforce payment for the cost of the sidewalk.

"It is still to be determined whether by reason of the faulty location of the curb and gutter the assessment for the cost thereof was invalid. At the former hearing it was made clear by the plot filed with the answer that Main Street in front of the land of the complainants was about two feet less than forty feet wide between the curbs, and that the curbs were not parallel. But it did not then appear that the prescribed width was forty feet, or that the line of the curb erected on the west side of the street (on which side the complainants' land was situated), was not the correct line, and it was uncertain whether it was the curb on the west, or that on the east, side which was in a wrong place, if either of them were. By the recorded plot of the town, made in 1855 and produced at the final hearing, Main Street throughout its length is made sixty feet wide, with sidewalks on each side ten feet in width and the roadway forty feet wide, and the exact location of the street, including the curb lines, are fixed by reference to certain center stones placed in Main Street and other streets. These center stones were removed several years before the curb in question was laid.

"After carefully considering the testimony produced at the final hearing, it is clear that with this authoritative and unavailable data gone, it has not been established by the testimony that the curb in front of the complainant's land was not located in the proper place. The apparent encroachment on the west side of the highway is not necessarily a real one, and this depends on whether the curb on the east side of the street was properly located. No convincing testimony was presented to show that the curb as set on the east side was set rightly, or even that it had been located in its present place for a long period of time, though there was some testimony that there had, for upwards of fifty years, been a sidewalk on the east side of Main Street opposite the Catts' property.

" The numerous variations in the width of the roadway, and the

consequent deviations in direction, none of which variations or deviations are seriously large, show that the location of the curb to the north of the complainants' land is not an accurate guide, but perhaps misleading. Not having the help from the location of the center stones, or other evidence as to the location of the center of the roadway, it was not established that the curb laid in the front of the complainants' land was not properly located. The presumption is that it was rightly located, and it was for the complainants to prove the contrary in order to give them a right to enjoin the collection of the assessment for the curb and gutter declared illegal and void.

"Inasmuch, therefore, as the town had a right to sell the personal property to pay for the cost of the sidewalk laid along the front of the complainants' land, and it was not shown that the assessment for the cost of the curb and gutter was invalid or unlawful by reason of the incorrect location of them, the complainants are not entitled to relief by way of injunction to prevent the sale, or to have the lien declared invalid, or to have other relief, and the bill must be dismissed, with costs on the complainants."

Argued before PENNEWILL, C. J., and BOYCE, CONRAD, RICE and HEISEL, J. J.

*Charles H. LeFevre* and *William M. Hope*, for the appellants.

*James H. Hughes*, for the appellees.

BOYCE, J. (delivering the opinion of the court). The object of the bill in equity, filed in this cause, was to enjoin the sale of personal property, previously distrained upon, then advertised for sale by the town council of Smyrna, for the purpose of collecting an assessment for paving, curbing and guttering in front of the lands of the complainants below, and likewise to attack the validity of the assessment made for the cost of the improvements, on the ground of error in locating the curb and gutter, and to effect the cancellation of the assessment as a lien against said lands.

Answer was made to the bill, and the complainants thereupon moved for a decree, notwithstanding the answer. The Chancellor declined to decide the cause upon bill and answer, but ordered that it proceed to a hearing upon replications and proofs taken in the usual course.

By agreement of counsel, the cause was heard by the Chancellor on oral testimony. In his opinion subsequently filed, the Chancellor reached the conclusion that the complainants were "not entitled to relief by way of injunction to prevent the sale, or to have the lien declared invalid, or to have relief," and dismissed the bill, with costs on the complainants.

A decree was entered accordingly. Whereupon the complainants prayed an appeal which was granted. Eleven errors in varying forms were assigned. They raise three questions which for convenience are here stated in the order in which they will be briefly considered:

1. Whether *Chapter* 537, *Volume* 20, or *Chapter* 186, *Volume* 25, *Laws of Delaware*, governs in the assessment made for the cost of the curb and gutter.

2. Whether the preliminary notice given to the complainants to pave, curb and gutter was sufficient.

3. Whether the curb and gutter were so incorrectly located by the town authorities as that their cost cannot be assessed and made a valid lien upon the lands of the complainants, the abutting owners, and collected therefrom.

First, the Chancellor rightly found that the town charter, contained in *Chapter* 537, *Volume* 20, and not *Chapter* 186, *Volume* 25, *Laws of Delaware*, applies to the assessment under consideration.

Second, the notice (the character of which is shown in the opinion of the Chancellor) which was served on the complainants, directing them to cause the paving, curbing and guttering, as required by prior ordinance of the town council, to be done, is, for the reasons given by the Chancellor, sufficient. Besides, in the absence of anything else affecting the validity of the assessment, the knowledge of the abutting owners, or of any one of them, that the improvements were being made and that the cost thereof was to be assessed against their land, the improvements being of special benefit thereto, the owners are estopped, as was held by the Chancellor, from denying the sufficiency of the notice.

Third, the contention was made that the curb in question is set some sixteen inches, or more, east of the correct west line

of Main Street, in the Town of Smyrna, and so within the street as to make it less than forty feet from curb to curb. This, it was insisted, makes the location of the curb unlawful, inasmuch as the said street was originally a part of the State Road, known as the King's Highway, required by law to be maintained at a width of forty feet, and which the town council in setting the curb had no right to narrow.

Assuming that the evidence adduced before the Chancellor shows that the curb does encroach upon the street to a slight extent, or to the extent claimed, have the complainants, by reason thereof, a right to the relief sought? Does such encroachment have the effect to invalidate and make void the assessment and the lien upon the lands therefor? If the town council had not power and authority under its charter, which was not considered by the Chancellor, to narrow the vehicular portion of said street for proper sidewalks, curbs and gutters because the street was originally a county road, nevertheless the location of the curb and gutter did not affect the complainants by taking any portion of their land, or by imposing any additional cost upon them therefor.

Under the law, the complainants were, after the required notice, bound either to pave, curb and gutter in front of their property, or suffer the town authorities to do so at their, the complainants', expense. If the curb was so set as to encroach upon the street or highway, as claimed, in front of the complainants' lands, which is not clearly established, yet there is nothing in the evidence to show that the complainants have, or will sustain, by reason of such encroachment, any injury or damage, or that the assessment had been imposed under such circumstances, and without authority of law, as clearly to entitle them to relief in equity. It is, therefore, the unanimous opinion of the court, as found by the Chancellor, that it was not shown that the assessment for the cost of the curb and gutter was invalid, or unlawful, by reason of the alleged error in locating them; and that the complainants are not entitled to the intervention, of a court of equity in the premises, and that the decree of the Chancellor in dismissing the bill, with costs on the complainants, should be, and it is affirmed.