PETER FROHNEN ET AL., APPELLEES, V. SANITARY SEWER DISTRICT NO. 1 OF MINDEN ET AL., APPELLANTS.

FILED DECEMBER 29, 1926. No. 25339.

Municipal Corporations: SPECIAL ASSESSMENTS: INJUNCTION: LACHES. A suit to prevent the collection of instalments of special assessments levied by a city to pay the cost of a sewage system legally constructed and accepted may be dismissed for laches, where plaintiffs, pursuant to legal notice, appeared before the mayor and council, a body having jurisdiction to levy in some form the necessary taxes or assessments for special benefits, made objections to the special assessments of their property, failed without excuse to exercise the right of appeal, paid instalments without protest, and neglected to seek equitable relief for more than three years, while property owners generally paid their assessments in full or their instalments as they fell due.

APPEAL from the district court for Kearney county: WILLIAM A. DILWORTH, JUDGE. *Reversed and dismissed.*

*J. L. McPheely* and *King & Bracken,* for appellants.

*Lewis C. Paulson* and *J. H. Robb, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is a suit for an injunction to prevent the collection of special assessments against real estate owned by plaintiffs in the city of Minden. The assessments were levied by the mayor and council to pay the contract price of a sewage system consisting of a main, a number of laterals and a disposal plant. The entire city was included in the sanitary district and the real estate therein generally was charged with special benefits. The amounts levied were certified to the county treasurer for collection. Several lot-owners are plaintiffs. The defendants are the sanitary district, the city of Minden, the mayor, the members of the council and the county treasurer. Invalidity of the assessments is pleaded as a ground for an injunction. Plaintiffs aver that the main and the laterals are not available to them, that their assessed property is not benefited by the sewage system, and that the greater portion of the funds to pay for the improvement can be raised only by general taxes based on the value of the assessable property in the sanitary district. The suit was defended on the grounds that the proceedings for the establishment of the sewage system and for the payment of the contract price were regular, legal and valid; that plaintiffs had an adequate remedy at law by appeal from the action of the city, and that relief in equity was defeated by laches—failure to appeal from the assessments and levy and delay in bringing suit. The district court found that the assessments were void and granted an injunction to prevent defendants from collecting them. Defendants appealed.

Were plaintiffs entitled to the equitable relief granted? They argue the affirmative of the question and invoke the following rules announced in *Hurd v. Sanitary Sewer District,* 109 Neb. 384:

"The erection of a sewage disposal plant is a general improvement the cost of which cannot be levied upon real estate by special assessment for benefits.

"The cost of main sewers in excess of special benefits can only be paid for by means of general taxation.

"All taxes for general purposes must be levied by valuation uniformly and proportionately.

"Special assessments for construction of sewers should be confined to abutting property."

Defendants insist that plaintiffs were not entitled to equitable relief and that the decision herein should follow *Weilage v. City of Crete,* 110 Neb. 544, where the court held:

"Where, in the making of assessments for local improvements and the levy therefor, property owners have opportunity to present their objections to the municipal body and to there have a hearing and pursue proceedings for review of the final decision of that body whether by error or appeal, they cannot fail to do so and then, in the absence of a substantial jurisdictional defect in the proceedings, question the proceedings collaterally by an independent suit to restrain the making of the levy."

Should equitable relief have been denied on the ground of laches? The material facts are not in dispute. It is conceded that the main and the laterals, with a single exception, do not extend to the properties of plaintiffs, but this and other pleas do not necessarily destroy laches as an equitable defense to the suit for an injunction. The assessments were payable in instalments covering periods of five or ten years. All of the plaintiffs except two paid one or more instalments. The assessments for the main, intersections and disposal plant aggregated $65,855.18. Instalments amounting to $39,477.44 were paid by property owners generally. Payments have been made on 676 as-

sessed properties. The assessments on 276 lots have been paid in full. Six or more instalments on the remainder of the lots, 400 in number, remain unpaid. No payment was made under protest. Ten plaintiffs acquired assessed property after the levies were made. Five purchased assessed property under an agreement to pay the assessments. The municipal proceedings for the construction of the sewage system, prior to the assessments at least, were regular and valid. The mayor and council, after the construction and the acceptance of the sewage system, had jurisdiction and power to levy in some form assessments to pay the contract price. They gave due notice of a meeting to hear and consider objections and to make and equalize assessments. At least ten of the plaintiffs appeared at that meeting and objected to proposed assessments for special benefits. The levies assailed in the suit for the injunction followed. Though there was an appellate remedy it was not pursued. The evidence does not disclose any excuse for the failure to appeal. There appeared to be a general acquiescence in the proceedings of the mayor and council. The special benefits were assessed September 24, 1921. From that date until the petition for the injunction was filed, January 12, 1925, plaintiffs slept on their rights. In the meantime property owners generally paid their instalments. If the assessments levied were void—a question argued but not determined—the city in that event had jurisdiction to raise the necessary funds by assessment or taxation in some other form. The evidence does not show that the latter course would have lessened the municipal burdens on the properties of plaintiffs. Under the circumstances the defense of laches was clearly established. The judgment of the district court is therefore reversed and the cause dismissed.

REVERSED AND DISMISSED.