FALLIS *et al. v.* CITY OF NASHVILLE.

No. 11632.   MARCH 10, 1937.

*M. S. Potter* and *E. R. Smith,* for plaintiffs.
*Dorsey, Stubbs & Dorsey, H. L. Jackson,* and *Hugh M. Dorsey Jr.,* for defendant.

ATKINSON, Justice. 1. In section 2 of the act amending the charter of the City of Nashville (Ga. L. Ex. Sess. 1926, p. 160) it is provided that the mayor and council are "authorized and empowered" to improve streets and sidewalks of the city by paving, whenever in its judgment the public convenience and welfare may require, "subject only to the limitations described in this act." In section 3 it is provided that whenever the mayor and council shall "deem it necessary" to pave any street or sidewalk the mayor and council "shall by resolution declare such work or improvement necessary to be done, and such resolutions or ordinance shall be published once a week for two consecutive weeks in a newspaper having a general circulation in the City of Nashville; and if the owners of more than one half of the linear front feet of the land fronting on such improvement and liable to assessment to pay for such improvement, on such street . . [or] . . sidewalks shall not, within fifteen days after the last publication of such resolution or ordinance, file with the clerk of said City of Nashville their protest in writing against such improve-

ment, then said City of Nashville by its mayor and council shall have the power to cause such improvements to be made and to contract therefor and to levy assessments as herein provided for. . . Provided, however, that if the owners of the entire linear frontage of land abutting any proposed improvement of any street or part of street, . . [or] . . sidewalk . . described in such petition shall petition the City of Nashville, or its mayor and council, for such improvement desired, the width of the same and materials preferred by petitioners for such improvement, and express a willingness to pay the entire cost of such improvement, it shall thereupon be the duty of said City of Nashville, by its mayor and council, to promptly cause said improvement to be made in accordance with the prayer of said petition, and in such cases the resolution or ordinance hereinbefore mentioned shall not be required." These sections of the act provide two conditions, one of which must be complied with before the municipality is authorized to make assessments on abutting property for paving streets and sidewalks, namely: (1) adoption of a resolution or ordinance by the municipality, declaring the improvement necessary to be done (there being no protest filed by owners of more than one half of the linear front feet of the abutting property, or if filed not sustained), and publication of the resolution or ordinance as provided in the act; (2) application by the owners of all the abutting property as provided in the act. Owners of abutting property mentioned in the foregoing condition number 2 are all owners of realty abutting the street or sidewalk proposed to be paved; and if any such abutting realty is owned jointly by several tenants in common, the condition applies to each tenant in common. The allegations of the petition, considered in connection with the exhibits set forth, are sufficient, as against general demurrer, to charge that neither of the above conditions existed at the time the municipality made the assessment.

2. A deed was executed by Mrs. F. E. Taylor on May 5, 1920, conveying described realty to Mrs. Lillie Harrell and her named children. The deed contained the clause: "It is expressly understood between all parties hereto interested, that this deed is not intended to pass the title nor possession to the above-described realty until after the death of the grantor and her husband, T. L. Taylor; and it is further understood and agreed between all par-

ties that are interested in this deed that the said parties of the second part are to take care of and look after the needs and welfare of the said party of the first part and her said husband, T. L. Taylor, for and during their natural life; then in that event to have and to hold unto them the said parties of the second part, their heirs and assigns, forever in fee simple." In April, 1936, the property was levied on and advertised to be sold "as the property of Mrs. A. W. Fallis," under an execution issued by the clerk of the City of Nashville, in pursuance of a paving assessment against the property in accordance with an assessment resolution of the mayor and council, dated October 3, 1927. In a suit instituted against the city in April, 1936, by Mrs. A. W. Fallis and the children named in the deed, seeking to enjoin the sale and to cancel the paving assessment and the execution, where the petition alleges that plaintiffs are common owners of the property under the deed, and attaches copies of the deed and of the advertisement as parts thereof, the petition, as against a general demurrer, sufficiently alleges ownership of the property by the plaintiffs.

3. Where in an action of the character just mentioned it is alleged that the municipality never passed a resolution declaring the proposed pavement necessary to be done, such allegation, as against a general demurrer, is sufficient to charge failure of condition number 1, mentioned in the first paragraph. And where in such an action the petition alleges that the plaintiffs are common owners of the abutting property as mentioned in the first paragraph above, and that neither of them signed a petition to the mayor and council to make the improvement nor authorized any other person to do so for them, such allegation, as against a general demurrer, is sufficient to charge failure of condition number 2 mentioned in the first paragraph. Under the foregoing allegations, a presumption on the basis of public officers doing their duty does not arise against the plaintiffs that all the owners of abutting property petitioned the municipality to make the improvement, as contended by the municipality.

4. The resolution of the mayor and council making a pavement assessment was adopted on October 3, 1927. "Paving-assessment fi. fa. issued . . for the years 1931, 1932, 1933, 1934, and 1935." The property was levied on and advertised in April,

1936. The suit was brought during the same month. The petition was sufficient to withstand a general demurrer based on the ground of laches.

5. The petition did not allege that the pavement had been made, or any conduct of the plaintiffs in connection with the proposed improvement that would estop them from attacking validity of the assessment. Neither does the petition show that plaintiffs have received such benefits as that, before seeking relief in equity, they should offer to do equity by paying for benefits to their property.

6. In section 6 of the act provision is made for municipal adoption of a resolution after going through certain preliminaries "expressing the determination of said city . . to proceed with the improvements." Following this are further provisions as to the manner of making contracts for improvements. In section 7 of the act it is provided that as soon as the contract is let, the mayor and council "shall by resolution appoint a board of appraisers . . to appraise and apportionate cost and expense of the . . improvements." Provision is then made for notice, and for hearing of objections to the apportionment, and for decision upon any objections filed thereto, and for municipal confirmation of the apportionment. It is then provided: "The said mayor and council shall by ordinance levy assessments, in accordance with the said appraisement and apportionment as so confirmed, against the several tracts of land liable therefor, and shall cause said appraisement and apportionment to be recorded on the mortgage records of" the county. In section 12 of the act it is provided: "That no suit shall be sustained to set aside any such assessment, . . or contesting the validity thereof, on any grounds or for any reason other than the failure of the City of Nashville by its mayor and council to adopt and publish the preliminary resolution or ordinance provided for in section 3 of this act in cases requiring such resolution or ordinance and its publication, and to give the notice of the hearing of the report of the appraisers as herein provided for, unless such suit shall be commenced within sixty days after the passage of the ordinance making such final assessment." The "final assessment" mentioned here refers to *assessments* provided for in that portion of section 7 quoted above, which the mayor and council are authorized to

make, based upon the confirmed appraisement and apportionment against the adjacent land for the expense. The limitation of 60 days within which suits shall be commenced, as provided in section 12, does not apply to suits to set aside an assessment, or contesting the validity thereof, on the grounds (1) of failure of the city to adopt and publish the preliminary resolution or ordinance provided for in section 3 of the act, in cases requiring such resolution or ordinance and its publication, (2) of failure to give the notice of the hearing of the report of the appraisers as provided in section 7 of the act.

7. One alleged ground for setting aside the assessment is that "no resolution has ever been passed by the mayor and council . . in accordance with the said act of the General Assembly, declaring the work or improvement of paving the sidewalk fronting the said lot of land, or the sidewalk on the north side of the Marion Street, where the said property is located, necessary to be done." Another ground is that neither of the plaintiffs nor any one for them filed a petition to the mayor and council to make the improvement. Another ground is that "no notice of the passing of any . . resolution of the mayor and council . . for the paving . . was ever served upon your petitioners, or either of them." These allegations as to grounds for setting aside the assessment were sufficient as against a general demurrer complaining that the petition showed on its face that the action was barred under section 12 of the act.

On application of the foregoing rulings, the judge erred in dismissing the action on general demurrer.

*Judgment reversed. All the Justices concur.*