In the Matter of MEYER KRAUSHAAR, Petitioner, against IRVING ZION, as Mayor of the Village of Lawrence, et al., Respondents.

Supreme Court, Special Term, Nassau County, August 29, 1949.

*Meyer Kraushaar,* petitioner in person.

*Edward S. Bentley* for respondents.

CUFF, J. This is an application by petitioner to sustain writ of certiorari. The facts not in dispute are: On May 10, 1948, respondents adopted a resolution providing that " pursuant to Section 161 of the Village Law, curbs (and gutters) be constructed (or repaired) wholly at the expense of the owners or occupants of the adjoining land " which " adjoining land " included the land now owned by petitioner. At the time of the adoption of that resolution (May 10, 1948), petitioner's wife was the record owner of the property. She was, therefore, listed in the resolution as an " adjoining land " owner. Notice of that May 10, 1948, meeting was not given to any landowner. Respondents maintain that the statute did not require it. I must agree with that view.

The aforesaid May 10, 1948, resolution also contained the following provision: " Further resolved, *that notice be given* to the aforesaid owners or occupants of the adjoining lots as provided in said Section (161, Village Law) *specifying the place where* the curb (or gutter) is required to be constructed (or repaired), and *requiring that the work be done in accordance with Village specifications* on file in the Village Office to the satisfaction of the Village Engineer and *stating that such work shall be completed not more than ten days after the date of such notice."* (Italics mine.)

On July 12, 1948, the village clerk of the Village of Lawrence, in obedience to that resolution, mailed a notice addressed

to the " adjoining land " owners listed in the May 10th resolution, Rosalind Kraushaar, aforementioned, being one of them. By this time, July 12, 1948, however, the deed from Rosalind to her husband, petitioner herein, had been recorded (July 1, 1948). Petitioner, therefore, was the record title holder on July 12th but the notice was not sent to him. Petitioner attacks this procedure and contends that the statute (Village Law, § 161) was thereby not complied with, arguing that notice to his wife was not notice to him. I will treat with that objection later.

The notice dated July 12th was received by both petitioner and his wife, Rosalind. About that time, they both visited the Lawrence village clerk's office and discussed the proposed curb construction with the village officials or employees.

It is conceded that neither petitioner nor his wife installed the curbing, the subject of this controversy. The work was done by the village. Payment, therefore, was demanded by the village and refused by petitioner. On December 13, 1948, the cost of the work was duly assessed against petitioner's property. It is also a conceded fact that on November 1, 1948, petitioner wrote respondents protesting against the entire improvement procedure.

This case hinges upon section 161 of the Village Law. It reads:

" § 161. *Crosswalks, Sidewalks, Curbs and Gutters.*

" The board of trustees may construct and repair crosswalks upon the streets within the village. It may also construct and repair sidewalks, curbs and gutters upon such a street wholly at the expense of the village, or of the owner or occupants of the adjoining land, or partly at the expense of each, and may prescribe the manner of doing such work, and the kind of materials to be used therein. If a sidewalk, curb or gutter is so required to be constructed or repaired wholly at the expense of the owners or occupants of the adjoining lands, a notice specifying the place and manner, and the time, not less than ten days, in case of a new walk, or not less than twenty-four hours in case of repairs, within which the sidewalk, curb or gutter is required to be constructed or repaired, shall be served upon such owners or occupants. If an owner or occupant shall not construct or repair the sidewalk, curb or gutter as required by the notice, the board of trustees may cause the same to be so constructed or repaired and assess the expense thereof upon the adjoining land. If a sidewalk, curb or gutter is to be constructed or repaired at the joint expense of the village and the

owner or occupant, the board of trustees may cause the same to be constructed or repaired, and assess upon the adjoining land the proportion of the expense chargeable against the same. All grading done on sidewalks, curbs or gutters laid or repaired by the owners of adjoining land shall be in accordance with the specifications and under the direction and supervision of the board of trustees. Assessments shall be made and collected and taxes levied as provided in this chapter. The board of trustees may issue bonds of the village to defray the expense of any such work or improvement.''

For this discussion, that statute may be divided into two parts. By the first part, each village is clothed with authority to construct and repair sidewalks, curbs and gutters at its own cost or to place the cost, in whole or in part, upon the adjoining land owners. That is an unqualified grant of power which may be exercised at any time and without advance notice to the affected property owners. If the village is to absorb the costs, the work simply proceeds. But if the village authorities place the cost or part thereof upon the adjoining landowners, the second part of section 161 comes into play. It requires, in that event, that the village give notice to the adjoining landowners, specifying the place and the manner of the proposed construction or repair, as well as the time within which the work is to be done. That is the only instance in section 161 when adjoining landowners are entitled to notice, and that notice simply informs them of the action which the village authorities have already taken. It does not imply that the recipient may attend at some time or place to object. Actually, that notice is merely notification addressed to the landowners affected, stating what is happening incidental to their property and advising them that the authorities have decided that they are to bear the cost in whole or in part of the improvement.

Petitioner urges that the omission in the statute to provide notice and a hearing to the affected property owners in advance of the official action, which burdened them with the cost of the improvement, contravenes the '' due process of law '' provision of our Constitution, rendering the law void. With due deference to the learned petitioner who is his own counsel in this suit, I find no principle of constitutional law which supports his viewpoint. In passing, may I observe that the right to own land entails upon the fee holder the obligation to pay for public improvements incidental thereto and to submit to the right of constituted authority to determine the improvements needed and to decide upon whom the cost thereof shall fall.

Petitioner's objection that the notice dated July 12, 1948, was not duly served will be considered. That notice, which the statute (Village Law, § 161) requires should be served upon the adjoining property owners, was not served upon petitioner, who, at the time the notice went forward (July 12, 1948), was one of adjoining property owners. It should have been served upon him. The fact is that the statutory notice was addressed to petitioner's wife and was mailed to her. Petitioner, stressing the importance of that irregularity or failure, contends that proper service of that notice upon him was a condition precedent to the valid imposition of the assessment which he seeks to void by this proceeding. It is not denied by petitioner '' That on or about July 13, 1948 (one day after the notice was issued) the said Rosalind Kraushaar and *relator (petitioner) called at the village office of the Village of Lawrence bringing with him said notice and inquired concerning the said work and was fully informed in respect thereto* ''. (Return, par. 8.)

It, therefore, appears that petitioner was fully informed concerning the improvement and the fact that he was to be charged for same. As I have pointed out herein, that notice is a mere notification of what had been done by the village authorities. Petitioner lost nothing in time or opportunity because he received the notification indirectly. Due service of the notice would have rendered him in no better position than he found himself on July 13, 1948, when he read the notice his wife received and talked to those he met at the village office. It follows that petitioner's objection with respect to service of the July 12th notice is reduced to form only. His objection may not be sustained. I think that his timely, actual knowledge of the facts satisfied the objectives of the statute. The writ is dismissed, without costs.