WISCONSIN ELECTRIC POWER COMPANY, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*March 5, 1957.*

122

For the appellant there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *John F. Zimmermann* of counsel, all of Milwaukee, and oral argument by *Mr. Zimmermann.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Ewald L. Moerke, Jr.,* assistant city attorney, and oral argument by *Mr. Moerke.*

A brief was filed by *Robert D. Sundby* of Madison, for the League of Wisconsin Municipalities, as *amicus curiae.*

PER CURIAM. In view of the determination made by the United States supreme court we hold that the constructive notice given by the defendant city by publication of the proposed special assessments against the plaintiff's lands did not meet the requirements of due process. *Mullane v. Central Hanover B. & T. Co.* (1950), 339 U. S. 306, 70 Sup. Ct. 652, 94 L. Ed. 865, and *Walker v. Hutchinson* (1956), 352 U. S. 112, 77 Sup. Ct. 200, 1 L. Ed. (2d) 178. Therefore, it was error for the trial court to have sustained the general demurrer interposed to plaintiff's amended complaint.

One of the reasons advanced by the defendant city for opposing plaintiff's motion, that judgment be entered by this court in favor of the plaintiff and against the defendant city in accordance with the prayer of the amended complaint, is that secs. 75.56 and 75.57, Stats., require a stay of proceedings until a reassessment may be made by the city. If defendant is correct in this contention, then the judgment to be entered determining that the assessments were void should be an interlocutory judgment with further proceedings stayed until the reassessment shall have been made. The

plaintiff, on the other hand, contends that secs. 75.56 and 75.57 have no application to special assessments made pursuant to the provisions of the defendant city's special charter. Because these issues were not litigated below we deem the proper procedure to be that the cause be remanded to the circuit court to overrule the demurrer. This will accord the city an opportunity to serve and file an answer raising whatever proper issues still remain to be litigated.

Judgment is reversed, and cause remanded with directions to overrule defendant's demurrer and for further proceedings not inconsistent with this opinion.