[No. 35590. Department One. July 13, 1961.]

FOSTER M. PRATT et al., *Appellants*, v. WATER DISTRICT NO. 79 et al., *Respondents*.*

*Reported in 363 P. (2d) 816.

*Hulbert S. Murray* and *Philip H. De Turk*, for appellants.

*Lycette, Diamond & Sylvester* and *Meade Emory*, for respondents.

FOSTER, J.—Appellants Pratt and McIntosh sued to remove utility local improvement district assessments upon their property. Upon the defendant water district's motion for summary judgment, the trial court dismissed with prejudice, from which judgment plaintiffs appeal.

Appellants, by recorded conveyance, acquired the property November 15, 1956. Appellants discussed with the respondent water district the formation of a ULID for service to their property, but when the district declined, appellants then installed their own works. According to custom, the water district's engineer inspected the completed project and billed the appellants therefor. In April, 1958, appellants quitclaimed the entire facility to the water district. In June, 1958, the water district adopted a resolution for the formation of ULID No. 13, which included appellants' property.

The establishment of a local improvement district and the levy of special assessments therefor are entirely statutory. The resolution of the water district to form a ULID must provide for public hearing and publish notice thereof. Such notice must also be sent to the

". . . owner or reputed owner of any lot, tract, parcel of land or other property within the proposed improvement district by mailing said notice at least fifteen days before the date fixed for the public hearing to the owner or reputed owner of the property as shown on the tax rolls of the county treasurer at the address shown thereon. . . ." RCW 57.16.060.

After the public hearing, the water district may order the improvement and file an assessment roll with the county treasurer. Before the assessments are approved, however,

the water district must give notice and hear any protests of the property owners. In addition to the notice by publication, notice of such assessment must also be given by

" . . . mailing, at least fifteen days before the hearing, a similar notice to the owners or reputed owners of the land in the local district as they appear on the books of the treasurer of the county in which the water district is located. . . ." RCW 57.16.070.

This action concerns the legal implications of a failure to give the statutory notice. While at all times material appellants Pratt and McIntosh were the record owners of the property, nevertheless, on the tax rolls Andrew Krafczyk, a stranger to this action, was listed as the owner. But neither notice of the hearing on the formation resolution nor notice of the hearing on the proposed assessments was sent to either. Notice of the hearing on the proposed assessments, but not the hearing on the formation resolution, was sent to the Western Development Company, Incorporated, a one time mortgagee of the property.

■ Generally, failure to comply with the statutory requirements renders assessments invalid as against unnotified owners. Rhyne, Municipal Law, 723, § 29-6; 14 McQuillin, Municipal Corporations, 237, 242, § 38.98. The procedure for establishing a ULID—petition, formal water district action, and public hearings—contemplates substantial public, as opposed to representative, participation. To secure owner participation, notice is a prerequisite.

If the purpose of statutory notice is achieved otherwise, noncompliance is without prejudice. Cf. *In re Local Improvement Districts Nos. 1-58, 2-58*, 57 Wn. (2d) 499, 358 P. (2d) 314.

Respondent water district argues that actual notice cures any defect resulting from a failure to comply with the statute.[1] Respondents point out that negotiations continued

---

[1] *City of Bessemer v. Ratliff*, 240 Ala. 406, 199 So. 838; *Kraushaar v. Zion*, 196 Misc. 437, 94 N. Y. S. (2d) 449. In the *Kraushaar* case, a wife transferred her property to her husband. The wife then received mailed notice of the improvement, but the husband did not. However, both the husband and wife conferred with village officials about the improvements the day after notices were mailed. It was there held that such actual notice cured defective notice.

between the parties almost to the time of the formation resolution and claims, and that the appellants knew from the beginning of the water district's plans. This appellants deny.

This is an appeal from a summary judgment of dismissal which may be granted only if there is "no genuine issue as to any material fact." Rule of Pleading, Practice and Procedure 56(c), RCW Vol. 0. It is disputed whether appellants had actual notice of the assessment hearing. The possible conflicting inferences resulting can be resolved only by proof. The summary judgment of dismissal was, therefore, improvident.

Respondent water district argues that the sending of the statutory notice would have been an idle formality. The appellants' names did not appear on the tax rolls, but Andrew Krafczyk's did, and there was no showing that he would or would not have forwarded any notice to the appellants.

Upon this issue, respondents must overcome the argument that due process requires mailed notice to recorded owners before an assessment can be levied against appellants' property. *Walker v. City of Hutchinson*, 352 U. S. 112, 1 L. Ed. (2d) 178, 77 S. Ct. 200,[2] decided that notice by publication is not due process. The court said:

" . . . In the present case there seem to be no compelling or even persuasive reasons why such direct notice cannot be given. Appellant's name was known to the city and was on the official records. Even a letter would have apprised him that his property was about to be taken and that he must appear if he wanted to be heard as to its value."

---

[2] In *Wisconsin Electric Power Co. v. Milwaukee*, 272 Wis. 575, 76 N. W. (2d) 341, the Wisconsin supreme court affirmed an order sustaining a demurrer to a complaint alleging the unconstitutionality of special assessments based upon notice by publication. The United States supreme court vacated and remanded (352 U. S. 948, 1 L. Ed. (2d) 241, 77 S. Ct. 324) for consideration in light of *Walker v. City of Hutchinson*, 352 U. S. 112, 1 L. Ed. (2d) 178, 77 S. Ct. 200. The Wisconsin court then reversed because the assessments were void for failure of adequate notice. *Wisconsin Electric Power Co. v. Milwaukee*, 275 Wis. 121, 81 N. W. (2d) 298.

 If, as respondent water district argues, a notice sent to the owner as shown by the tax rolls would not have reached the appellants, then perhaps the notice provisions of the local improvement district statutes are not constitutionally sufficient. But this is not so. The record owners' names will appear on the tax rolls if such are accurately kept.[3] *Walker v. City of Hutchinson, supra,* requires no more.

" . . . The right to a hearing is meaningless without notice. In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U. S. 306, we gave thorough consideration to the problem of adequate notice under the Due Process Clause. That case establishes the rule that, if feasible, notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests. We there called attention to the impossibility of setting up a rigid formula as to the kind of notice that must be given; notice required will vary with circumstances and conditions. We recognized that in some cases it might not be reasonably possible to give personal notice, for example where people are missing or unknown."

The statute is constitutional under the *Walker* test. The statutory requirement of notice by mail was added in 1953 to satisfy the test in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U. S. 306, 94 L. Ed. 865, 70 S. Ct. 652. If the county assessor had properly listed the owners on the tax rolls, the failure of the water district to comply with the statute would have been crucial, but he did not. The water district need not question the work of the assessor, but is entitled to rely upon the tax rolls.

Appellants, although not responsible for the error, are not completely innocent. Their conveyance was recorded in 1956. Yet, two years later (February, 1958), Andrew

---

[3]The county assessor is responsible for listing all property and placing a valuation upon it. RCW 84.40.040. He must list the owners of each tract or parcel if the names of the owners are *known* to him. RCW 84.40.160. The statutes are silent about addresses of owners. The assessor, on completing his list and preparing the tax rolls, delivers them to the county auditor. RCW 84.52.080. The county auditor then delivers them to the county treasurer, who collects the taxes. RCW 84.56.010.

Krafczyk was billed for the taxes and presumably paid them. Had appellants examined the tax rolls, we must presume the error would have been corrected and that the statutory notices would have been sent them. This neglect for almost two years made the appellants the less innocent of two innocent parties.

██ Respondent water district makes two other arguments. Both are without merit. First, respondent water district argues that RCW 57.16.100 precludes appellants' challenge of the assessments because it makes the district's actions conclusive after final acceptance of the assessment roll. But proper notice is a prerequisite. Without statutory notice, subsequent proceedings are invalid.[4] This section does not erect a great wall behind which water districts can make secret decisions impervious to attack. Second, respondent water district argues that appellants are precluded by laches. Laches is not mere delay, but delay which worked to the adversary's disadvantage. *Waldrip v. Olympia Oyster Co.*, 40 Wn. (2d) 469, 244 P. (2d) 273. Respondents fail to show prejudice by delay. Moreover, when an assessment is challenged for failure to give proper notice, the water district bears some responsibility for the delay. Laches is of equitable origin. Laches is not, however, like a statute of limitations a mere matter of time, but there must be lapse of an unreasonable amount of time during which the adversary has prejudicially changed his position, relying upon the failure to assert the claimed right. *State ex rel. Hearty v. Mullin*, 198 Wash. 99, 105, 87 P. (2d) 280; *Anderson Estate v. Hoffman*, 171 Wash. 378, 384, 18 P. (2d) 5; 2 Pomeroy, Equity Jurisprudence (5th ed.), 177, § 419 (d).[5]

---

[4]*Fallis v. City of Nashville*, 184 Ga. 55, 190 S. E. 557.

[5]Laches has been consistently held insufficient to bar an action to remove assessments where the proceedings indicated a substantial defect. *Cullingham v. Omaha*, 143 Neb. 744, 10 N. W. (2d) 615; *Shaffer v. Haddam City*, 130 Kan. 450, 286 Pac. 218. But where the proceedings were regular and notice properly given then laches has been a defense, and the statutes like RCW 57.16.100 have been a bar to the actions for removal of assessments. *Frohnen v. Sanitary Sewer Dist. No. 1*, 115 Neb. 84, 211 N. W. 609; *Bocox v. Bixby*, 114 Okla. 269, 247 Pac. 20; *Carnahan v. Fayetteville*, 175 Ark. 405, 1 S. W. (2d) 10; *Farris v.*

The judgment is reversed and the cause remanded for trial upon a single issue of fact: Did appellants have actual notice of the public hearings in sufficient time to make the statutory protest? Respondents will prevail if they prove appellants had such actual notice. Otherwise, the assessments upon appellants' property are invalid and unenforcible.

FINLEY, C. J., HILL, WEAVER and ROSELLINI, JJ., concur.

\*Reported in 363 P. (2d) 803.

*Manchester,* 168 Ga. 653, 149 S. E. 27; *Forman v. Barron* (Tex. Civ. App.), 120 S. W. (2d) 827; *Foxworth-Galbraith Lbr. Co. v. Realty Trust Co.* (Tex. Civ. App.), 110 S. W. (2d) 1164; *Wright v. El Reno,* 168 Okla. 594, 35 P. (2d) 473; *Addis v. Kansas City,* 143 Kan. 25, 53 P. (2d) 809; *Schenk v. Kansas City,* 134 Kan. 181, 5 P. (2d) 842.