The CITY OF HOUSTON, Appellant,

v.

R. H. FORE, Appellee.

No. 4461.

Court of Civil Appeals of Texas.

Waco.

April 7, 1966.

Rehearing Denied April 28, 1966.

William A. Olson, City Atty., Ralph A. Keen, Asst. City Atty., Homer T. Bouldin, Houston, for appellant.

Danny R. Edwards, Joel McCarty, Jr., Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal by the City of Houston from a take-nothing judgment in a suit for paving assessments made and levied against defendant Fore.

Plaintiff City filed suit for paving assessments made and levied against defendant, and for foreclosure of the assessment lien. Defendant answered (among other things), that he had no actual notice of the benefits hearing: that the only notice of the benefits hearing given was by publication under Section 9, Article 1105b Vernon's Ann.Tex. Civ.St.; and that the notice by publication was not sufficient to give notice to him as required under the due process clause of the 14th Amendment to the U. S. Constitution.

Trial was to a jury which found that the notice by publication, "stated the highway to be improved in sufficient manner to inform the abutting property owners that their property was to be improved." (These matters are not here in controversy).

The Trial Court overruled plaintiff's motion for judgment and granted defendant's motion for judgment non obstante that plaintiff take nothing, (and recited that notice by newspaper publication was insufficient notice to defendant).

Plaintiff appeals on 5 points, contending:

1) The trial court erred in not entering judgment for plaintiff.

2) The trial court erred in holding the notice by publication (Sec. 9, Art. 1105b) was insufficient.

The City of Houston determined to make certain paving improvements on Delz Street in the City, and by ordinance passed on May 11, 1961, set the per foot assessment for such, and set hearing on benefits for June 7, 1961 at 11:00 o'clock, and provided for notice of such hearing to be given the property owners involved by advertisement inserted in the Houston Press for 3 times. Such advertisement was in the Houston Press on May 26, 27 and 29, 1961. Defendant Fore was one of the abutting property owners. He did not read the newspaper publication giving notice of the benefits hearing on June 7th; and had no knowledge of the hearing from any source; and did not attend the hearing. The hearing was held and assessment levied against defendant's property for $946.10.

The record reflects defendant had resided at 505 Delz in Houston for 24 years; owned the property; his address was on the tax rolls and known to the City; and the City had in fact addressed communications to defendant at his address.

Plaintiff instituted the instant case against defendant for judgment and foreclosure of lien for such paving assessment. Defendant contends the notice of the benefits hearing given him by publication in the Houston Press insufficient notice under the Due Process clause of the 14th Amendment to the United States Constitution.

Section 9, Article 1105b, V.A.T.S. provides that no assessment shall be made against abutting property or its owners for paving *"until after notice and opportunity for hearing as herein provided, and no assessment shall be made against any abutting property or owners thereof in excess of the special benefits of such property, and its owners in the enhanced value thereof by means of such improvements as determined at such hearing. Such notice shall be by advertisement inserted at least three (3) times in some newspaper published in the city where such special assessment tax is to be imposed * * *."*

The notice given defendant by the publication 3 times in the Houston Press was in compliance with the above provisions of Section 9, Article 1105b.

The sole question is whether such notice, under the facts of the instant case, is suf-

ficient under the 14th Amendment, U. S. Constitution.

The 14th Amendment provides among other things " * * * nor shall any State deprive any person of life, liberty, or property, without due process of law * * *."

 The Due Process clause of the 14th Amendment provides as a minimum that before one can be deprived of life, liberty, or property, that such adjudication be preceded by notice and opportunity for hearing. The right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear, or default, acquiesce or contest.

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Where the names and post office addresses of those affected by a proceeding are at hand, the method of giving notice of the benefits hearing in this case was insufficient.

So, notice by publication is not enough with respect to a person whose name and address is known or very easily obtainable. Mullane v. Central Hanover Bank (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865; Schroeder v. City of New York (1962), 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255; Walker v. City of Hutchinson (1956), 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178; Wisconsin Electric Power Co. v. City of Milwaukee (1957), 352 U.S. 948, 77 S.Ct. 324, 1 L.Ed.2d 241.

The Wisconsin Electric Power Company case, supra, is a case involving a paving assessment levied by the City. In that case the Supreme Court of Wisconsin's action in holding constructive notice by publication adequate, was vacated and remanded for consideration in the light of Walker v.

City of Hutchinson, supra. On remand the Wisconsin Supreme Court, 275 Wis. 121, 81 N.W.2d 298, held the constructive notice by publication did not meet the requirement of due process.

We think under the facts of the instant case; where name and address of defendant were known to the City; and defendant had no actual notice; that the constructive notice by publication given defendant is inadequate under the requirements of the 14th Amendment, U. S. Constitution.

Plaintiff's points and contentions are overruled.

Affirmed.