### McALEXANDER v. SMITH BROS., Inc.
### No. 9885.

Court of Civil Appeals of Texas. Galveston.
June 22, 1933.

Rehearing Denied July 13, 1933.

P. Harvey, of Houston, for plaintiff in error.

Baker, Botts, Andrews & Wharton and John T. McCullough, all of Houston, for defendant in error.

LANE, Justice.

On or about the 25th day of July, 1927, the owners of more than 51 per cent. of the front footage of property abutting on North Main street in the city of Houston, Tex., between its intersection with the north line of Boundary street in said city and its intersection with the south line of Enid street, petitioned the city council of said city in writing to pave that part of North Main street above described. On said 25th day of July, 1927, the city council received and filed such petition and set August 3, 1927, for a hearing of property owners' abutting said part of North Main street, their agents and attorneys, as required by the charter of the city. On the 28th day of July, 1927, notice of such hearing was duly published as required by said city charter, it being recited in such notice that the petition had been filed and would be acted upon on August 3, 1927, at the place fixed for such hearing, and that at such time and place the council would hear any objections to the paving of such part of North Main street by any property owners or part owner in property abutting on that part of the street proposed to be paved.

Such hearing was at such time and place held by the city council. At such hearing quite a number of said property owners, including F. L. McAlexander, defendant in the trial court and plaintiff in error here, appeared and protested against such paving. All objections were overruled by the city council, which ordered said street paved in accordance with the plans and specifications petitioned for.

Thereafter, the city council in due time by resolution directed the city engineer to prepare and file with the council complete specifications for the proposed pavement. Thereafter, in due time, said engineer prepared and filed with the council specifications for the proposed pavement, as ordered, so as to permit the securing of bids for the work of paving. Thereafter, in due time, such specifications were examined and approved by the city council, and after duly advertising for bids for the construction of the improvement of the street, the city council received, on October 5, 1927, bids for making said improvements, which were referred to the city engineer and commissioners for tabulation and report to the council. Thereafter, the bids of Smith Brothers, Inc., were duly accepted and the contract for the improvements awarded to it, and thereafter, to wit, on January 18, 1928, a contract was duly entered into in writing between the city of Houston and Smith Brothers, Inc., for the construction of said improvements. Thereafter, the city engineer duly prepared and

filed with the city council a written statement showing the total estimated costs of the improvements, that to be paid by the city as $35,000, and the total amount to be assessed against the owners of properties abutting on said street. Such statement contained the names of persons, firms, corporations, and estates owning property abutting on that part of the street to be paved, the number of front feet owned by the respective owners, the costs to be paid by each owner, specifying the amount per front foot proposed to be assessed against each owner and his property.

Among the properties described in said engineer's report was the southeast one-half of lots 1 and 2, block 11, and the southeast 45 feet of lots 9 and 10, block 11, all in Glen Park addition to the city of Houston; such properties having a total front footage on the street to be paved of 95 feet. All of said properties were stated to be the properties of Mary E. McAlexander, who was at such time the record owner thereof.

Such statement was examined by the city council on or about February 1, 1928, and a resolution adopted approving the report in all things, and providing that the cost of paving said street should be paid in the manner specified in such report, in conformity with the resolution ordering the improvements and with the terms of the city charter; and ordering a hearing to be given to said property owners, their agents or attorneys, and to all persons interested in such proceedings, concerning said proceedings and said proposed assessments and concerning the special benefits to said property abutting on said street, and concerning any error or invalidity in any proceedings with reference thereto, or concerning any matter or thing connected therewith; fixing February 15, 1928, at 11 o'clock a. m., as the time and the city council chamber in the city hall in Houston, Tex., as the place and when and where said hearing would be held; and directing notice to be given for the length of time and in the manner provided by charter.

Notice of such hearing was given by publication as required by the city charter, by which notice all property owners abutting on that part of the street proposed to be paved, including Mary E. McAlexander and F. L. McAlexander, defendant in the trial court and plaintiff in error in this court, who was the true and equitable owner of the property above described, were notified to appear at the time and place specified, and be heard by the city council relative to the matters of the proposed paving and the benefits, charges, etc.

On February 15, 1928, the city council met at the time and place named in said resolution and notice for the purpose of a hearing as therein provided, such hearing being continued from day to day until February 23,

1928, when it was closed by the city council. At said hearing the city council had a full and fair hearing, all of said property owners, their agents or attorneys, or any other interested parties, being given an opportunity to be heard concerning the special benefits to said property, and concerning any error or invalidity, in any proceedings with reference thereto, or concerning any matters connected therewith; and the said city council heard proof regarding such matters and as to whether or not the proposed improvements would enhance the value of property abutting on said portion of the street to be improved, and the extent thereof; and upon hearing such proof said city council found as a fact, and so determined, that the proposed improvements would enhance the value of the property abutting said portion of the street to be improved in a sum greater than the proposed cost thereof to said property and the owners thereof, and further found that all preliminary steps taken by the city council relative to paving said street were correctly taken.

On the 7th day of November, 1928, the city council by ordinance levied an assessment for the payment of the cost of the proposed pavement, fixed a charge against the several owners in accordance with the front foot provision of the city charter, and fixed a lien against the properties of such parties, respectively, and provided for the issuance of assessment certificates upon the completion and acceptance of the paving work.

Among the properties assessed were those owned by F. L. McAlexander, hereinbefore described, but which were by the deed records shown to be the property of Mary E. McAlexander. The amount assessed against the property first described was $300, and that against the second was $270; same being the proportionate part of the cost of paving.

The pavement which Smith Brothers, Inc., had contracted and agreed to construct on the street was duly completed by it, in accordance with their contract with the city of Houston, on the 7th day of November, 1928, and the city accepted said improvement and authorized the issuance and delivery of certificates to Smith Brothers, Inc.

Thereafter, on said 7th day of November, 1928, the city of Houston duly executed and delivered to Smith Brothers, Inc., the improvement certificates theretofore authorized, two of which were made payable by Mary E. McAlexander, charged to and assessed against her and against property of hers.

In the certificate involved in this suit it is provided as follows: "This is to certify that: By virtue of an ordinance of the City Commission of Houston, Texas, passed on the 7th day of November, 1928, and amended on the 6th day of August, 1930, there was levied an assessment in the sum of ————. That said assessment was levied by virtue of said ordinance and other proceedings of said City, providing for payment by said owner of his pro rata of the cost of improving North Main Street under a contract between said City and Smith Bros., Inc., of date the 20th day of January, 1928. * * * That all proceedings with reference to making such improvements have been regularly had in compliance with the law, the Charter of said City, and the terms of this Certificate, and that all prerequisites, to the fixing of the lien and claim of personal liability evidenced by this Certificate, have been performed. That said improvement has been completed by said Smith Brothers, Inc., in compliance with the terms of said contract, and was accepted by said City on the 7th day of November, 1928."

At the time proceedings were begun for the improvements, and at all times during the course of such proceedings, F. L. McAlexander had actual notice of same and that the city purposed to levy assessments against the property and against the true owners thereof for the payment of its proportionate part of the costs of such improvements.

F. L. McAlexander appeared at the hearing on benefits, and at such hearing asserted that he was the owner of the property, but made no objection to the manner and form in which the assessments were made. He protested only against the pavement being done, asserting that the property was his, and his homestead, and that he had refused to sign the petition to have the paving done. He instituted no manner of proceedings to have the assessment, or any of the proceedings, set aside or corrected.

On October 6, 1930, after the city council had discovered that F. L. McAlexander was the true owner of the property involved in this suit, and that the assessment and assessment certificate had erroneously been made against Mary E. McAlexander, instead of F. L. McAlexander, it, for the purpose of correcting such error, passed an ordinance, the caption of which is as follows: "An ordinance amending in part an ordinance passed by the City Council of the City of Houston, on November 7, 1928, entitled, 'An ordinance levying assessments for the payment of part of the cost of improving North Main Street, in the City of Houston from the north line of Boundary Street to the north line of Enid Street, fixing a charge and lien against the owners of property and against their property abutting on said street, and against steam and street railways occupying the same: Providing for the issuance of assessment certificates upon the completion and acceptance of said work or any units thereof, and the manner of their collection, and declaring an emergency'."

In the body of such ordinance it is provided that the assessments made against the property involved in this suit be corrected by showing the assessments in the name of F. L. McAlexander, the true and beneficial owner of the property, and providing that the certificates .theretofore issued in evidence of such assessments be corrected so as to comply and agree with the corrected assessments, and that nothing contained therein should be construed to amend. change, or repeal in any manner whatever said ordinance of November 7, 1928, except as therein expressly provided.

After the passage of said ordinance, and on the same day, the city council took up and canceled the certificates theretofore issued in the name of Mary E. McAlexander, and duly executed and delivered to Smith Brothers, Inc., in lieu thereof, two certificates payable by F. L. McAlexander, the plaintiff in error in this suit. Such certificates last issued upon said amended assessments were in general form the same as those first issued, except they were made payable by F. L. McAlexander instead of Mary E. McAlexander.

Upon the certificates last issued becoming due, Smith Brothers, Inc., the owner and holder thereof, brought this suit against F. L. McAlexander ro recover upon such‑ certificates and an attorney's fee, as provided therein, and for foreclosure of the lien on the property involved in the suit.

The plaintiff alleged the matters and things stated in our preliminary statement, including the quoted part of the charter of the city of Houston.

Defendant answered by general demurrer and by special exception, saying that it appeared upon the face of plaintiff's petition that the purported cause of action asserted by plaintiff was barred by the two years' statute at the time the suit was brought. He denied generally the allegations of plaintiff. He alleged that the land and premises described in the plaintiff's petition was at the time the paving proceedings were begun, and at all times since, his property, the homestead of himself and family; that at such times he held a, fee-simple title to the property; that the city council acquired no jurisdiction to make an assessment against him, or said property, because he did not sign the petition filed with the city council requesting the paving and was given no notice of the hearing on benefits or on the assessment; that the assessment made by the city council was not against defendant; and that such ordinance did not create a lien against said property nor any personal liability against the defendant, F. L. McAlexander, for the cost of such paving.

The cause was tried before the court without a jury and the following judgment was rendered:

"It is ordered, adjudged and decreed by the court that plaintiff Smith Bros. Inc., do have and recover of and from the defendant F. L. McAlexander of Houston, Harris County, Texas, the sum of Eight Hundred Thirty Two & 99/100 Dollars ($832.99) with interest from the date of this judgment until paid on the amount of Five Hundred Seventy Dollars ($570.00) at the rate of seven per cent (7%) per annum, and with interest from the date of this judgment until paid on the sum of Two Hundred Sixty Two & 99/100 Dollars ($262.99) at the rate of six per cent (6%) per annum, together with all costs of suit in this behalf expended.

"And it further appearing to the court that the property upon which plaintiff is asserting and seeking to establish a lien was at all times material to this suit, the homestead of‑ this defendant, F. L. McAlexander, it is further ordered, adjudged and decreed by the court that said lien be, and the same hereby is, expressly denied.

"It is further ordered, adjudged and decreed that any and all further relief prayed for by any of the parties to this suit and not herein expressly granted be, and the same hereby is, expressly denied."

F. L. McAlexander has brought this cause to this court upon writ of error. He will hereinafter, for convenience, be referred to as appellant.

Appellant's first contention for reversal of the judgment is that by article IVa of the city charter it is provided that to fix against the owner of property for street improvements in front of such property a lien, it is essential that the owner be given notice that such assessment is to be made so that such owner may have an opportunity to object to the proposed improvement and assessment, and that he was given no notice of the contemplated assessment, and therefore the assessment made against him and the certificates issued by the city council are invalid and constitute no personal liability against him, and the court erred in holding to the contrary.

■ We overrule appellant's contention. The undisputed evidence shows that appellant had actual notice that the city council had before it a petition signed by' more than 51 per cent. of those owning property abutting on that part of the street to be paved and that he wrote a letter to said council on August 12, 1927, advising the council that he was the true owner of the property here involved and that such property was his homestead. In such letter he made, among other statements, the following:

"I wish to make the following objections to said proposed plan of paving:

"(1) This street is a part of the East Montgomery Road, which is a State highway, and the street should be paved by the City and

**534**

County, and not by the property owners. * * *

"The above property is my homestead and unless the base is made of at least eight inch concrete then I shall claim my property as exempt as my homestead and will not pay any assessment which may be attempted to be made against my property."

While testifying as a witness in his own behalf, appellant was asked the following question: "I believe that you did appear before the city council and state that you owned that property and that you objected to paving it?" And to such question he answered: "I gave them written notice."

■ Since appellant had actual notice of all the proceedings for the improvement, and since he personally attended the hearing on benefits before the city council for the purpose of contesting the assessment, the failure to include his name in a notice published, or any other notice given to all property owners of the proceedings, does not affect the validity of the assessment. After appellant had entered a personal appearance at the hearing on benefits and advised the city council that he, and not Mary E. McAlexander, was the owner of the property, the council thereafter properly levied the assessment against him without further publishing a new notice naming him as the owner. The city council had the power to correct the assessment by amendment of the original assessment ordinance, as it did, without going through complete re-assessment proceedings.

It is difficult to see, in the face of the facts shown, how appellant suffered injury for the want of formal notice of the amendment made to the original assessment. Indeed, appellant has made no suggestion that he suffered any damage thereby. That appellant was in fact the true owner of the property at all times during the paving proceedings, and at the time the assessment was made and the paving certificate issued, is undisputed.

In 44 R. C. L. p. 702, it is said: "Where a property owner appears and is heard on the merits in respect of an assessment or the steps preliminary thereto, want of notice or defects in the notice of the hearing are waived."

In support of the rule announced, several authorities are cited.

"The object of notice * * * is to enable the property owner to protect his rights by the proper proceedings. If he appear in the case, the object of notice has been accomplished, nor will he be heard afterwards to complain on that ground." Barker v. Omaha, 16 Neb. 269, 271, 20 N. W. 382.

"Where a property owner attended a meet-ing of the board of aldermen at which an ordinance condemning a sidewalk adjacent to his property was passed and requiring the construction of a new sidewalk, and then notified the city that he would not pay for the construction of a new walk, he thereby waived the right to formal notice of the proceedings, and cannot set up want of such notice as a defense to a suit on tax bills; the object of notice being merely to allow the owner to make any objections to the proceedings, or to build the sidewalk himself." City of Salem v. Young, 142 Mo. App. 160, 125 S. W. 857. See Griffin et al. v. City of Waxahachie (Tex. Civ. App.) 257 S. W. 988.

In Griffin v. City of Waxahachie, supra, the Dallas court held that failure to give the owners of abutting property personal notice did not invalidate proceedings by a city to fix the costs of improvements according to the enhancement in value of the property, where such owners actually appeared and were given a hearing and no disadvantage or loss resulted from the failure to give such notice, especially where an ordinance provided that any error as to name of an owner should not have an invalidating effect.

The amended assessment made in 1930 was against F. L. McAlexander, the true owner of the property, only. It was not an assessment against property jointly owned by two or more persons. It was not what is known as a joint assessment.

Having reached the conclusions above expressed, the judgment is affirmed.

Affirmed.