REALTY TRUST COMPANY V. J. E. LINDSEY ET AL.

No. 6847.   Decided May 19, 1937.
(105 S. W., 2d Series, 210.)

*Goggins & Ritchie* and *Mart W. Reeves,* all of Dallas, for plaintiff in error.

The failure of the city secretary to sign a notice to property owners of intention of city to pave the street in front of their property did not render said notice void, when same has been issued under an ordinance of said city in compliance with statute. Anderson v. Polk, 297 S. W. 219; Burks v. Neutzler, 7 S. W. (2d) 65; Vogel v. Central Texas Security Corp., 62 S. W. (2d) 243; 5 McQuillan Municipal Corporations, (2d ed.) 224.

*Ratliff & Ratliff,* of Haskell, for defendants in error.

The notice given was insufficient. 25 R. C. L. 874, Sec. 119; 59 C. J. 871; Southern Pac. Co. v. Bartine, 170 Fed. 725.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

In this suit Realty Trust Company seeks to recover on a paving certificate the amount of a special assessment for paving a portion of Hughes Street in the City of Haskell and to foreclose the assessment lien levied by the city pursuant to the provisions of what is now Article 1105b of Vernon's Texas Statutes 1936. The suit is upon the certificate evidencing the lien, and is against J. E. Lindsey and Albena Lindsey, owners of abutting property, for their pro rata part of the cost of the improvement. The case was tried before the court without a jury and resulted in a judgment for the company for the amount of its debt and for foreclosure. Upon appeal by the Lindseys the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment that the assessment sued on was void and that the company take nothing. 75 S. W. (2d) 322.

The Lindseys defended upon the ground, among others, that Article 1105b, supra, is in effect an amendment of the paving statutes existing at the time the amendment was enacted, and that its enactment was in violation of the requirement of Section 36 of Article 3 of the Constitution of the State with respect to the enactment of an amendment to existing law.

1 It is not necessary to discuss this ground of defense, for the reason that the question thereby presented has recently been settled. In West Texas Construction Co. v. Doss et ux., 59 S. W. (2d) 866, the Court of Civil Appeals held that the Act in question was not an amendment of the paving statutes, but was a general paving law complete within itself, and cumulative of the then existing statutes on the subject. This Court affirmed and adopted the opinion of the Court of Civil Appeals, holding that Article 1105b, supra, is valid and was available in that case to the City of Colorado. Doss v. West Texas Construction Co., 128 Texas 339, 96 S. W. (2d) 1116.

2 The Lindseys defended also upon the ground that the purported notice of assessment, a necessary prerequisite to the validity of the assessment, published by the city, was invalid. It was upon this ground that the Court of Civil Appeals declared the assessment void and of no effect, and accordingly rendered judgment against the company.

The proceedings looking to the making of the paving improvements in question were had under the terms of Article 1105b, supra. Section 9 of this article stipulates what shall constitute sufficient notice that cities of the class here involved propose to construct such improvements. Following immediately

the stipulation that notice *"shall be by advertisement* inserted at least three times in some newspaper published in the city * * * at least 10 days before the date of hearing," is the provision that *"such notice shall be sufficient"* if it describes in general terms the nature of the improvements proposed, states the highways, or portions thereof, to be improved, states the estimated amount per front foot proposed to be assessed against the owners of abutting property, states the estimated total cost of the improvements on each such highway, or portions thereof, and states the time and place at which such hearing shall be held. (Italics ours.)

An ordinance embodying all of the requirements necessary to make the notice provided for sufficient in all of the respects stipulated, was passed and approved by the city council on January 26, 1928. It describes in general terms, and in detail, the nature of the improvements, designates the streets and portions thereof to be paved, states the estimated amounts to be assessed against abutting property and the owners thereof, both per front and as to total costs, all as required by the governing statute; and states that such assessment will be made *"after the hearing herein mentioned";* and further that "the hearing shall be given to said owners, and to any persons interested in said improvements, before the city council of the City of Haskell," *as provided by Article 1105b* and "the ordinances of the City of Haskell, Texas, *which said hearing shall be had on the 8th day of March, 1928, at 7:30 p. m. in the council room at the city hall in the City of Haskell,* and which said hearing shall be continued from day to day and from time to time as may be necessary to give all said property owners * * * a full, complete, fair and impartial hearing, * * * with respect to such improvements." (Italics ours.) It is further stated that after the hearing has been concluded such sums as may be determined by the council to be payable by the said property owners shall be assessed against them respectively and their respective properties by ordinance in the manner prescribed by Article 1105b.

Section 11 of the ordinance, which relates to the giving of notice, states that it is ordained:

"That the City Secretary of the City of Haskell is hereby authorized, ordered and directed to give notice to said property owners, their agents or attorneys, and to all interested persons, of said hearing, as prescribed by the provisions of [Article 1105b], particularly Section 9 thereof, and the ordinances of the City of Haskell, and such notice shall be by advertisement inserted at least three times in a newspaper published in the

City of Haskell, the first publication to be made at least 10 days before the date of the hearing."

It may be here noted that Section 9 further stipulates that,

"The only defense to any such assessment in any suit to enforce the same shall be that the notice of hearing was not published, or did not contain the substance of one or more of the requisites thereof herein prescribed."

The ordinance was published in one of the newspapers of the city once a week for four successive weeks, the first publication being on February 2, and the last on February 23, 1928, more than 10 days before the date of the hearing.

Thereafter on July 23, 1928, the council enacted an ordinance levying the assessment evidenced by the certificate sued on. This ordinance recites that the city secretary in accordance with the provisions of Article 1105b, *and the resolutions and ordinances of the City of Haskell,* gave notice to the property owners of the hearing by publication of the ordinance as above stated.

It will be noted that there is no requirement in the governing statute, or any ordinance in evidence, that the notice be addressed to the property owners, either as a class or individually. Nor is there any requirement that it be labeled as a notice. It is provided that the required notice "shall be by advertisement" and that the required manner of conveying the notice to the abutting propery owners is that the "advertisement" shall be "inserted at least three times in some newspaper published in the city" where the assessment is to be imposed. There is no requirement that the "advertisement" be labeled as such when published, or that it carry an introductory statement to the effect that it is a notice. In brief, the statutory notice provided for in the governing statute,—not notice generally,—may be defined as a statement setting forth by way of newspaper advertisement the matters therein required to make it sufficient, which statement is required to be published in a newspaper described by the statute as therein provided.

The Court of Civil Appeals correctly holds that a statute directing the manner of serving a notice affecting property rights must be strictly complied with. The entire ordinance, which is described above, was inserted and published four successive times in the local newspaper, and, as has been already pointed out, embodied a *statement* of every fact and matter required to make it sufficient as the notice provided for in the governing statute. Under the heading "AN ORDINANCE," it was published for the number of times stated, and occupied in space a full

page of the newspaper. It was signed, "T. C. Cahill, Mayor, City of Haskell, Texas," and was attested, "Marvin H. Post, City Secretary," under the seal of the city. There is embodied therein a statement of the place, the date, the day and hour that the hearing provided for will be held, as well as a statement of how long it will continue. The statement contained relating to the proposed improvements is complete in every detail. It is even fuller and more comprehensive than is required by the governing statute. It carries, though not required to do so, the names of all abutting property owners, about ninety in number, including the names of the Lindseys, segregated so as to designate each owner under the engineer's statement as it relates to his own district, setting forth the required facts as to the street to be paved and the cost thereof to each owner, in minute detail, and so as to be readily understood. The manner and times of publication take the statement out of the class of a mere news item and place it in the category of an "advertisement," within the purview of the statute.

It is unnecessary to discuss the authorities relating to notices required to be given under statutes providing other and different requirements with respect thereto, and the manner of notifying interested property owners. The notice in the present case both as to sufficiency and manner of notifying meets substantially, if not fully, the requirements of the governing statute.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion adopted by the Supreme Court May 19, 1937.