STEVENS v. W. J. LACKEY & CO.

No. 11405.

Court of Civil Appeals of Texas.
San Antonio.

March 29, 1944.

L. D. Griffin, of Alice, for appellant.

Lon D. Herbert, of Alice, for appellee.

NORVELL, Justice.

This is a suit upon a paving certificate. Judgment was rendered in favor of plaintiff, W. J. Lackey, d. b. a. W. J. Lackey & Co., and against defendant, Ed Stevens. The plaintiff conceded in the court below that he was not entitled to a foreclosure of a purported lien against certain real property involved, hence none was ordered.

Stevens has appealed and here presents three points.

■ Appellant's first and second points are without merit. The notice prescribed by statute was given. Article 1105b, Section 9, Vernon's Ann.Civ.Stats. While the ordinance of the City of Alice directs that notice by registered mail shall also be given to property owners, it also expressly provides that notice by advertisement (as provided by statute) shall be legally sufficient in itself to fix liability against the various property owners involved. We overrule appellant's first and second points. Realty Trust Co. v. Lindsey, 129 Tex. 516, 105 S.W.2d 210.

■ Appellant's third point involves the two-year statute of limitations. Article 5526, Vernon's Ann.Civ.Stats. The principal indebtedness of defendant amounted to $225, as evidenced by paving certificate dated June 20, 1940, and payable in five equal installments of $45 each, on June 30, 1940, June 20, 1941, June 20, 1942, June 20, 1943, and June 20, 1944, respectively. Accelerated maturity of unpaid installments in case of default in payment of one or more installments at the option of the certificate holder was also provided for. This suit was filed on October 15, 1942, at which time appellee, as the holder of the paving certificate, elected to declare all installments due and payable. The installment due on June 30, 1940, was then barred by the two-year statute, as the indebtedness was not evidenced by a written contractual obligation executed by appellant. Bauer v. Texas Pac. Coal & Oil Co., Tex.Civ.App., 100 S.W.2d 122; McTaggart v. Texas Bitulithic Co., Tex.Civ.App., 132 S.W.2d 436.

The judgment of the trial court will be reformed so as to allow appellee a recovery from appellant of $180, together with interest thereon at the rate provided in the paving certificate (eight per cent. per annum) from June 20, 1940, to the date of the trial court's judgment, November 26, 1943, making a total of $229.40, together with interest thereon until paid at the rate of eight per cent. per annum. The award of costs against appellant in the trial court will not be disturbed. Costs of appeal will be taxed against appellee.

The judgment of the trial court as reformed will be affirmed.