WISCONSIN ELECTRIC POWER COMPANY, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*March 6—April 9, 1957.*

438

For the appellant there were briefs by *Shaw, Muskat & Paulsen,* attorneys, and *John G. Quale* of counsel, all of Milwaukee, and oral argument by *Mr. Quale.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Ewald L. Moerke, Jr.,* assistant city attorney, and oral argument by *Mr. Moerke.*

Steinle, J. The principal questions involved are: (1) Whether a property owner who appeals from a special assessment for street improvements under the statutory appeal provisions contained in sec. 11.22, Milwaukee city charter, 1934 compilation, must pay the amount of the assessment within twenty days from the commencement of such appeal pursuant to sec. 75.62 (1), Stats., as a condition of maintaining such appeal proceeding, (2) whether a property owner who appeals from a special assessment for street improvements under the statutory appeal provisions contained in sec. 11.22, Milwaukee city charter, 1934 compilation, must, as a condition precedent to taking such appeal, first have paid such assessment, filed a claim for refund, and have allowed the common council sufficient time in which to act on the claim, and (3) whether the provisions of sec. 24.40 of the Milwaukee city charter are applicable to a situation such as that at bar.

Sec. 11.22 of the Milwaukee city charter, 1934 compilation (ch. 184, Laws of 1874, ch. VII, sec. 11), provides:

"The owner of any lot, or tract of land, or tenement, who feels himself aggrieved by such assessment, as confirmed by the common council, as to the amount of benefits thereby

adjudged to accrue to him by reason of any improvements charged against his lot or parcel of land, or the amount of damages, costs, and charges, arising to such owner from an alteration of grade, may, within twenty days after such confirmation by the common council, appeal therefrom to the circuit court of Milwaukee county; and such appeal shall be taken, tried, and determined, and bonds for costs shall be given, and costs awarded therein, in like manner as in cases of appeals to the said circuit court provided for in chapter six of this act. Such appeal shall not affect the rights of the contractor, or the proceedings in reference to his contract, but the certificate against the lot or parcel of land in question, shall be given as if no appeal had been taken; and in case the appellant shall succeed, the difference between the amount charged in the certificate and the amount of the benefit finally adjudged, shall be paid by the city out of the proper ward fund [since 1907, the general city fund] .to the appellant, but not until he shall have done the work in question, or have paid the certificate issued for doing the same. The amount assessed by the commissioner of public works, or finally adjudged on appeal, for damages, costs, and charges arising from an alteration of the grade, in excess of the amount charged against property deemed benefited, shall be paid by the city out of the proper ward fund, to the person or persons thereto entitled, within one year after the confirmation of the assessment by the common council, or after final adjudgment therefor rendered by the court on appeal, as aforesaid; provided, that the time during which an appeal from such judgment may be pending in the supreme court shall not be deemed part of the year so limited."

Ch. VI, sec. 14 of the act referred to in sec. 11.22 of the Milwaukee city charter, provides:

"Any person or persons owning or having any interest in any property affected by such assessment, may, within twenty days after the confirmation of such assessment by the common council, appeal therefrom to the circuit court of Milwaukee county, by filing with the clerk of said circuit court his notice of appeal, setting forth therein his interest in the premises and the grounds of his appeal, together with

a bond to the city of Milwaukee in the penal sum of $500, conditioned for the payment of all costs that shall be adjudged against him on such appeal; which bond shall be signed by at least two sufficient sureties each of whom shall make affidavit, indorsed upon such bond, that he is worth $500 over and above all his debts, in property not exempt from execution; and said bond and sureties, if objected to by the city attorney, shall also be approved by the judge of the said court. Such appeal shall be ineffectual unless the appellant shall also, within twenty days, serve a copy of his notice of appeal and bond upon the city attorney."

Sec. 75.62 (1), Stats., provides:

"*Conditional payment.* Whenever any action or special proceeding is hereafter commenced to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed, or to set aside any tax, for any error or defect going to the validity of the assessment and affecting the groundwork of such tax, within twenty days after the commencement of such action the plaintiff in such action or special proceeding shall pay or cause to be paid to the county, town, city, or village officer entitled to receive the same, the amount of taxes, interest, and charges levied against the said lands involved in such action, as a condition of maintaining said action."

Sec. 74.73 (1), Stats., provides:

"Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim therefor against the town, city, or village, whether incorporated under general law or special charter, which collected such tax in the manner prescribed by law, for filing claims in other cases, and if it shall appear that the tax for which such claim was filed or any part thereof is unlawful and that all conditions prescribed by law for the recovery of illegal taxes have been complied with, the proper town board, village board, or common council of any city, whether incorporated under general law or special charter, may allow and the proper town, city, or village treasurer shall pay such person the amount of such

claim found to be illegal and excessive. If any town, city, or village shall fail or refuse to allow such claim, the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected of him. Every such claim shall be filed; and every action to recover any money so paid shall be brought within one year after such payment and not thereafter."

Sec. 24.40 of the Milwaukee city charter provides:

"No person shall be permitted to institute any action or proceeding to set aside any assessment or special tax hereafter levied or assessed upon any lot or tract of land, or to set aside any deed executed in consequence of the nonpayment of such taxes and of the premises therefor, unless such person shall first pay or tender to the proper party, or deposit for his use with the treasurer, the amount of all state, county, and city taxes that may remain unpaid on such lot or tract, together with the interest and charges thereon."

It appears without dispute that Wisconsin Electric Power Company has not paid the amounts of the special assessments in question. Appended to the motion to dismiss the appeal was an affidavit of the city treasurer which recited that the special-improvement assessments in question were placed on the 1953, 1954, and 1955 tax rolls, each representing an instalment of taxes as levied against the property of appellant, and that the same were not paid, and that the tax certificates were sold by said treasurer to the city of Milwaukee and are due, delinquent, and outstanding.

With reference to the first question presented it is to be noted that while in the city charter a complete system is provided for the assessment, financing, and collection of special benefits flowing from street improvements, and for appeal therefrom by aggrieved taxpayers (ch. 11, Milwaukee city charter, 1934 compilation), nevertheless, the legislature made no provision therein requiring payment of the amount assessed as a condition of maintaining an appeal from an

assessment of such benefits to the land of a taxpayer. The legislature properly could have provided for such requirement in the charter if in its wisdom it had determined to do so. In sec. 62.16 (6) (k), Stats., which provides for appeals from special assessment of benefits in cities of the state other than Milwaukee, the legislature likewise does not require payment of assessments as a condition for making an appeal. The city of Milwaukee maintains here, as it did in the court below, that the provisions of sec. 75.62 (1), are applicable to an appeal taken pursuant to sec. 11.22 of the Milwaukee city charter. Such contention, however, is without merit. Sec. 75.62 (1) applies only to actions or special proceedings wherein there is challenge of error or defect going to the validity of the assessment and affecting the groundwork of the tax, whereas sec. 11.22 of the Milwaukee city charter relates only to challenges of assessment of special benefits,— a subject substantially different than that referred to in sec. 75.62 (1).

In *Bekkedal v. Viroqua* (1924), 183 Wis. 176, 196 N. W. 879, 197 N. W. 707, this court distinguished challenges of amounts of special benefits on appeal from those going to the groundwork of the tax. In that case this court was treating with provisions in sec. 75.59, Stats., which related to actions brought to set aside special-assessment certificates, special-improvement bonds, tax sales, or tax-sale certificates. Sec. 75.62 (1) by its very terms pertains to actions brought to set aside sales of land for nonpayment of taxes, or to cancel tax certificates, or to restrain the issuance of tax certificates or tax sales, or to set aside taxes. Both secs. 75.59 and 75.62 (1) refer to situations arising after taxes have been levied. Sec. 70.01 provides in part: "Real-estate taxes shall be deemed to be levied when the tax roll on which they are extended has been delivered to the local treasurer with his warrant for collection." Under provisions of ch. 11,

Milwaukee city charter, 1934 compilation (sec. 11.11), the assessment is entered upon the annual tax roll against the property assessed, and the assessment is collectible by the city treasurer in manner as other taxes are collected by him. In the instant situation the special-assessment taxes were not levied until December, 1953. The principles declared in *Bekkedal v. Viroqua, supra,* deal with provisions of sec. 75.59 in relation to those in sec. 62.16, and apply with equal force and effect to those in sec. 75.62 (1) in relation to sec. 11.22 of the Milwaukee city charter.

Neither sec. 62.16, Stats., nor sec. 11.22, Milwaukee city charter, requires the payment of taxes under protest before the levy. The payment of taxes under protest is, however, provided for in other legislation. See sec. 9.30, Milwaukee city charter, 1934 compilation (Kline Law). It is also to be observed that in sec. 66.60, Stats., which is an alternative method relating to special assessments and charges, payments of instalments of assessments appealed from are required as a condition of continuing the appeal. In the light of such provisions, the absence of any requirement of payment of assessments for special benefits in sec. 62.16, Stats., and sec. 11.22, Milwaukee city charter, is significant. We are obliged to conclude that the legislature had not intended such requirement.

In principle, the method of appeal as provided in sec. 11.22, Milwaukee city charter, does not differ substantially from that provided in sec. 70.47 (13), Stats., relating to an action of certiorari from a determination of the board of review of the city of Milwaukee from an assessment of general property taxes, nor from that as provided in sec. 70.85 pertaining to appeals from determinations of the department of taxation. It is noted that in neither of such prescribed methods is payment of taxes required as a condition for maintaining the appeal. Sec. 75.62 (1), would undoubtedly

be applicable in an action in equity to set aside an assessment for invalidity, arbitrariness, or fraud and to restrain the issuance of a tax-sale certificate or deed in relation thereto.

With reference to the other questions presented, it is the contention of Wisconsin Electric Power Company that neither sec. 74.73, Stats., nor sec. 24.40, Milwaukee city charter, is applicable to an appeal under sec. 11.22, Milwaukee city charter, for the reason that both of such statutory provisions relate only to actions or proceedings commenced after a levy of taxes has been made. Sec. 74.73 by its terms applies to claims for taxes that have been levied and collected. As indicated in sec. 24.40, Milwaukee city charter, that enactment applies only to actions or proceedings commenced in cases where the taxes, interest, and charges remain unpaid. Manifestly, sec. 24.40, Milwaukee city charter, applies only to situations in which the taxes have been levied.

Since ch. 11 of the Milwaukee city charter, 1934 compilation, contains a complete method for the assessment, financing, and collection of taxes assessed for special benefits, and since it specifies procedure for appeal therefrom as therein set forth, which procedure does not require payment before proper levy of the tax, the attempt to reach over to secs. 75.62 (1) and 74.73, Stats., and sec. 24.40, Milwaukee city charter, and appropriate provisions therefrom relating to payment of taxes as a condition precedent to instituting or maintaining an appeal from an assessment of benefits, for incorporation into sec. 11.22, Milwaukee city charter, cannot have judicial sanction.

We are obliged to conclude that neither secs. 75.62 (1) nor 74.73, Stats., nor sec. 24.40 of the Milwaukee city charter is applicable to the provisions relating to an appeal under sec. 11.22 of the Milwaukee city charter.

*By the Court.*—Order reversed, and cause remanded with directions for further proceedings according to law.