CITY OF HOUSTON, Petitioner,

v.

R. H. FORE, Respondent.

No. A–11500.

Supreme Court of Texas.

Feb. 22, 1967.

Rehearing Denied March 29, 1967.

Homer T. Bouldin, Trial Supervisor, City of Houston, Houston, W. P. Dobbins, San Antonio, for petitioner.

Danny R. Edwards, Joel B. McCarty, Jr., Houston, for respondent.

WALKER, Justice.

The question to be decided is whether, under the facts of the present case, constructive notice by publication of the hearing on the assessment of costs of street improvements against abutting owners as provided in Article 1105b, Vernon's Ann.Tex.Civ. Stat., satisfies the requirements of the due process clause of the Constitution of the United States. We hold that notice by publication was not sufficient as to the particular owner who is involved in this action.

Suit was filed by the City of Houston, petitioner, against R. H. Fore, respondent, to recover the amount of two paving assessments and for foreclosure of the lien thereof. The jury found, in effect, that the published notice identified the highway sufficiently to inform the abutting owners that their property was to be improved. Respondent's motion for judgment notwithstanding the verdict was granted by the trial court, and the Court of Civil Appeals affirmed. 401 S.W.2d 921.

There is no dispute as to any of the material facts. After determining to make certain paving improvements on Delz Street and adopting the plans and specifications therefor, the city council passed an ordinance approving the estimate of costs and declaring the rate per front foot at which it proposed to assess a part of such cost against the abutting property. This ordinance also ordered a hearing and directed that notice be given the interested property owners by publication three times in the Houston Press. The notice was published and the hearing was subsequently held as provided in the ordinance. At the conclusion of the hearing assessments were levied against the abutting properties, including two tracts owned by respondent Fore. Respondent did not attend the hearing. He had not read the published notice, and had no knowledge of the hearing from any other source. It also appears from the undisputed evidence that he had resided at 505 Delz in Houston for 24 years. He owned the property there; his address was on the tax rolls and was known to petitioner. As a matter of fact, the city had previously sent communications to him at that address.

The assessments were made under the authority of Article 1105b, the material provisions of which are as follows:

"Sec. 3. That the governing body of any city shall have power to * * * provide for the payment of the cost of such improvements by the city, or partly by the city and partly by assessments as hereinafter provided.

"Sec. 4. * * * and in no event shall more than all the cost of constructing, reconstructing, repairing and re-aligning curbs, gutters and sidewalks, and nine-tenths of the remaining cost of such improvements as shown on such estimate be assessed against such abutting property and owners thereof.

\* \* \* \* \* \*

"Sec. 7. The part of the cost of improvements * * * which may be assessed against abutting property and owners thereof shall be apportioned among the parcels of abutting property and owners thereof, in accordance with the Front Foot Plan or Rule provided that if the application of this rule would,

in the opinion of the Governing Body, in particular cases, result in injustice or inequality, it shall be the duty of said Body to apportion and assess said costs in such proportion as it may deem just and equitable, having in view the special benefits in enhanced value to be received by such parcels of property and owners thereof, the equities of such owners, and the adjustment of such apportionment so as to produce a substantial equality of benefits received and burdens imposed.

\* \* \* \* \* \*

"Sec. 9. No assessment herein provided for shall be made against any abutting property or its owners \* \* \* until after notice and opportunity for hearing as herein provided, and no assessment shall be made against any abutting property or owners thereof in excess of the special benefits of such property, and its owners in the enhanced value thereof by means of such improvements as determined at such hearing. Such notice shall be by advertisement inserted at least three (3) times in some newspaper published in the city where such special assessment tax is to be imposed \* \* \*."

The notice published in the Houston Press complied in all respects with the requirements of this statute. Our problem is to determine whether the statutory notice meets the test of constitutional due process as to respondent. An amicus curiae brief suggests that a hearing in connection with a paving assessment such as we have in the present case is not required by the 14th Amendment to the Constitution of the United States, and that the Legislature was thus free to prescribe any notice of a hearing that they might consider proper.

In support of his basic premise that a hearing is not constitutionally required, our

amicus cites decisions such as French v. Barber Asphalt Paving Co., 181 U.S. 324, 21 S.Ct. 625, 45 L.Ed. 879, and Withnell v. Ruecking Construction Co., 249 U.S. 63, 39 S.Ct. 200, 63 L.Ed. 479. In each of these cases the cost of the improvements was apportioned among the abutting property owners on the basis of a fixed rule, such as front footage or area, prescribed by legislative act. The court reasoned generally that a legislative determination of the lands benefited by the improvement and the manner in which the cost shall be apportioned among the different parcels is, unless palpably arbitrary or grossly unfair, conclusive upon the owners and the courts. It accordingly held that the owners were not entitled to be heard in advance on the amount of the assessment or the benefits conferred.

 For the purpose of this opinion then, we begin with the premise that under the United States Constitution an owner ordinarily is not entitled to notice or hearing before assessment of the cost of public improvements in accordance with an inflexible legislative formula.[1] The rule is otherwise, however, where the legislature, instead of prescribing an inflexible formula, authorizes an administrative determination of the lands benefitted and the amount of benefits accruing to each tract. Londoner v. City and County of Denver, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103; Browning v. Hooper, 269 U.S. 396, 46 S.Ct. 141, 70 L.Ed. 330. See also Rhyne, Municipal Law § 29-7. In holding a paving assessment void because the owners were not given a hearing, the Supreme Court of the United States said in *Londoner*:

"In the assessment, apportionment, and collection of taxes upon property within their jurisdiction, the Constitution of the United States imposes few restrictions upon the states. In the enforcement of

1. It is unnecessary for us to determine at this time whether the Texas Constitution requires a hearing on benefits before the levy of an assessment computed and apportioned on the basis of a fixed rule prescribed by legislative authority. See Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L.R.A. 289, 71 Am.St.Rep. 884.

such restrictions as the Constitution does impose, this court has regarded substance, and not form. But where the legislature of a state, instead of fixing the tax itself, commits to some subordinate body the duty of determining whether, in what amount, and upon whom it shall be levied, and of making its assessment and apportionment, due process of law requires that, at some stage of the proceedings, before the tax becomes irrevocably fixed, the taxpayer shall have an opportunity to be heard, of which he must have notice, either personal, by publication, or by a law fixing the time and place of the hearing. * * "

■ Article 1105b does not prescribe a fixed rule, and there has been no legislative determination of benefits. Subject to the limitations set out in Section 4, the governing body is authorized by Section 3 to provide for payment of the cost of the improvements by the city or partly by the city and partly by the owners of abutting property. Under the provisions of Section 7, assessments against the abutting property are to be apportioned on a front foot basis unless it appears that injustice or inequality will result from an application of that rule. In such event the assessments are to be adjusted by the governing body so as to produce substantial equality of benefits received and burdens imposed. It is also provided in Section 9 that no assessment shall be made in excess of the special benefits to the property assessed. The governing body is thus authorized to determine benefits and adjust the assessments on the basis of such determination. When the statutory procedure is followed, moreover, the conclusions of the governing body as to the amount of benefits may not thereafter be set aside except on the ground that they are arbitrary or the result of fraud. City of Houston v. Blackbird, Tex.Sup., 394 S.W.2d 159. Under these circumstances an opportunity for the interested owners to be heard prior to a determination of benefits and the amounts to be assessed against their properties is a constitutional necessity and not a

matter of legislative grace. This brings us to the question decided by the trial court and the Court of Civil Appeals.

It has been generally assumed that the requirements of due process were satisfied by notice published in accordance with the provisions of Article 1105b. On several occasions our courts have said that the statutory notice was sufficient, but it does not appear that the issue of due process was considered or decided in those cases. In some of them the court was concerned with the contents of the published notice; in others the property owner who questioned the assessment had actual notice of the hearing. See Realty Trust Co. v. Lindsey, 129 Tex. 516, 105 S.W.2d 210; Realty Trust Co. v. Harris, Tex.Civ.App., 59 S.W.2d 914 (wr. ref.); Texas Pac. Coal & Oil Co. v. Guthrie, Tex.Civ.App., 100 S.W.2d 125 (affirmed as to personal judgment against property owner, 132 Tex. 180, 122 S.W.2d 1049); Stevens v. W. J. Lackey & Co., Tex. Civ.App., 179 S.W.2d 435 (no writ); Bauer v. Texas Pac. Coal & Oil Co., Tex.Civ.App., 100 S.W.2d 122 (no writ); McAlexander v. Smith Bros., Tex.Civ.App., 62 S.W.2d 530 (wr. dis.); Beatty v. Panhandle Const. Co., Tex.Civ.App., 275 S.W. 716 (wr. ref.); Elmendorf v. San Antonio, Tex.Civ.App., 223 S.W. 631 (reversed, Com.App., 242 S.W. 185). It is necessary then to examine another line of decisions by the Supreme Court of the United States.

In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L. Ed. 865, the court considered a New York statute which authorized notice by publication to beneficiaries on the application for judicial settlement of accounts by the trustee of a common trust fund. In holding that the statutory notice failed to accord due process to beneficiaries whose names and whereabouts were known, the court said:

"As to known present beneficiaries of known place of residence, however, notice by publication stands on a different footing. Exceptions in the name of necessity do not sweep away the rule that

within the limits of practicability notice must be such as is reasonably calculated to reach interested parties. Where the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency."

It has now become clear that the court was speaking there of the requirements of the due process clause as related to notice in any proceeding where a person might be deprived of property rights. As pointed out in Walker v. City of Hutchinson, 352 U. S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178, the decision in *Mullane* "establishes the rule that, if feasible, notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests." See also Fraser, Jurisdiction by Necessity—An Analysis of the Mullane Case, 100 Pa.Law Rev. 305.

■ If there were any doubt as to the applicability of these decisions to a proceeding for the assessment of costs of public improvements, it was dispelled by the action of the Supreme Court of the United States in Wisconsin Electric Power Co. v. City of Milwaukee, 352 U.S. 948, 77 S.Ct. 324, 1 L. Ed.2d 241. The plaintiff there owned property abutting a street which the city decided to improve. The cost of the improvements was assessed against the abutting properties and apparently was apportioned, at least in part, on the basis of benefits.[2] Notice of the hearing was given by publication as required by the provisions of the city charter, and the plaintiff brought suit to set aside the assessment on the ground that the notice was inadequate. The Supreme Court of Wisconsin was evenly divided on the ques-

tion, and accordingly affirmed the judgment of the circuit court upholding the assessment. Wisconsin Electric Power Co. v. City of Milwaukee, 263 Wis. 111, 56 N.W.2d 784. The Supreme Court of the United States noted probable jurisdiction and remanded the cause for consideration in the light of Walker v. Hutchinson, supra. The Supreme Court of Wisconsin held upon remand that the notice by publication of the proposed special assessments against the plaintiff's property did not meet the requirements of due process. Wisconsin Electric Power Co. v. City of Milwaukee, 275 Wis. 121, 81 N.W.2d 298.

■ It is clear that respondent was entitled to notice and an opportunity to be heard before the city council determined the portion of the costs that would be assessed against his property. His name and address were known to the city, and he could have been readily notified by mail. He did not have actual notice of the hearing. We agree with the Court of Civil Appeals that under these circumstances the publication did not constitute adequate notice to respondent.

■ Petitioner says that even if the notice was insufficient, the cause should be remanded to give petitioner an opportunity to reassess the paving costs. The right to reassess was not urged in the trial court, and we cannot reverse an errorless judgment in the interest of justice or to permit the losing party to have another trial. City of Houston v. Blackbird, supra. No attempt is made to determine whether petitioner is now precluded from reassessing the costs as authorized by Section 13 of Article 1105b.

The judgment of the Court of Civil Appeals is affirmed.

2. See opinion in Wisconsin Electric Power Co. v. City of Milwaukee, 275 Wis. 436, 82 N.W. 2d 344.