Raul GARCIA et al., Appellants,

v.

The CITY OF ALICE, Appellee.

No. 15260.

Court of Civil Appeals of Texas,
San Antonio.

Feb. 6, 1974.

Robert H. Kern, III, McAllen, Rankin, Kern & Martinez, McAllen, for appellants.

Grose, Nixon & Erck, Alice, for appellee.

BARROW, Chief Justice.

Appellants, Raul Garcia and Juanita O. Salinas,[1] each owners of a 100-front-foot lot on North Cecilia Street in the city of Alice, have appealed from a take-nothing judgment in their suit to enjoin the enforcement of an ordinance enacted by the City whereby property owners were assessed pursuant to the provisions of Article 1105b[2] to pay for the construction of curbs, gutters and sidewalks on said street.

Appellants assert four assignments of error. They complain first that the notice given appellants was insufficient in that it did not inform them of any issues to be considered at such hearing. The notice, which was mailed to appellants nineteen days before the hearing, substantially complied with the requirements of Article 1105b, supra. All required information

1. No appeal has been perfected as to other parties who were dismissed for their failure to timely appeal from said ordinance.

2. All references are to Vernon's Tex.Rev.Civ. Stat.Ann.

was contained in said notice. In any event, appellants had actual notice of the hearing and personally testified at such hearing. Appellants' first point is therefore without merit. City of Houston v. Fore, 412 S.W.2d 35, 38 (Tex.1967); City of Houston v. Parkinson, 419 S.W.2d 900 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n. r. e.).

■ The second point complains that the City Commission had determined the necessity for, as well as the amount of, the assessment to be made prior to the hearing; and, therefore, appellants were denied due process. Such complaint is not supported by the record. The testimony of Mayor Ramirez establishes that the project had been carefully considered by city officials for over two years, and discussed with many persons, including many of the property owners. Under the statute, the City was required to give notice of the estimated cost of such improvements, as well as the estimated amount per front foot proposed to be assessed the property owners. See Article 1105b, Section 9. This requirement was complied with in this case. Cf. Walton v. City of Houston, 421 S.W.2d 902 (Tex.1967). Nevertheless, it is undisputed that the City Commission did not actually vote on and pass the ordinance setting the assessment until all had been heard who desired to be heard, and the discussion was closed. Appellants' second point is overruled.

■ Under the third point, appellants urge that the assessment is invalid in that there is no substantial evidence to support the implied finding that appellants' property will receive special benefits from the project in an amount equal to the assessment of $6.27 per front foot. Section 9 of Article 1105b provides in part that, ". . . no assessment shall be made against any abutting property or owners thereof in excess of the special benefits of such property, and its owners in the enhanced value thereof by means of such improvements as determined at such hearing."

This provision is mandatory. City of Houston v. Fore, supra; City of Houston v. Blackbird, 394 S.W.2d 159 (Tex.1965).

■ In City of Houston v. Blackbird, supra, the Supreme Court considered the right of a property owner to review an assessment made pursuant to this statute. It was there held that the acts of the governing body of a city in finding benefits to abutting property and in determining the amount of such benefits under Article 1105b may, when performed in accordance with the statute, be set aside and annulled only because they are arbitrary or are the result of fraud. Here, as in *Blackbird,* there is no suggestion that the City acted fraudulently, but only that the City Commission acted arbitrarily in making a finding that the property owner would be benefited in an amount of $6.27 a front foot. In determining this question of law, we must apply the same rule as that applied in judicial review of decisions of administrative agencies which are not subject to de novo trial.

■ Although there is testimony that appellants' property would be improved as a result of the project involved herein, there is absolutely no evidence that said property would be enhanced in value as a result thereof in an amount equal to $6.27 per front foot. No inquiry was made along this line, although it is clear from the testimony in the record that the project was entered into only after extensive investigation by city officials. Nevertheless, the statute clearly limits the assessment to the amount of special benefits to the property assessed. Houston v. Fore, supra; City of Houston v. Blackbird, supra. Therefore, we must conclude from the limited record before us that the finding that appellants' property was benefited to the extent of $6.27 a front foot was clearly arbitrary.

The trial court, therefore, erred in rendering the take-nothing judgment, and this judgment must be reversed. However, in the interest of fairness and justice, we will

remand the case to afford the City an opportunity to produce testimony of the enhanced value of appellants' property which will be brought about by said improvements, if there is any such testimony. City of San Antonio v. Pigeonhole Parking of Texas, 158 Tex. 318, 311 S.W.2d 218, 223 (1958). Cf. City of Houston v. Blackbird, supra, 394 S.W.2d at p. 165.

The judgment of the trial court is reversed and remanded.