The BOARD OF ADJUSTMENT OF the CITY OF SAN ANTONIO, Texas, and Gladys F. Jones et al., Appellants,

v.

Robert F. NELSON and Sally Nelson, Appellees.

No. 16133.

Court of Civil Appeals of Texas, San Antonio.

Feb. 14, 1979.

Rehearing Denied March 14, 1979.

Albert McNeel, Gilliland, McNeel & Davis, Jake Talley, Jr., Asst. City Atty., William H. Robison, San Antonio, for appellants.

Don Krause, San Antonio, for appellees.

## OPINION

MURRAY, Justice.

The appellees, Robert F. Nelson and Sally Nelson, brought this suit by writ of certiorari in district court against appellant, Board of Adjustment of the City of San Antonio, challenging the legality of a decision of the Board of Adjustment in granting the right to a nonconforming use of a lot in the city of San Antonio. Appellant, Mrs. Gladys Jones, owns the lot in question, which is within an area that was annexed by the city of San Antonio in 1972. On annexation, this lot was zoned R–1, single family residential.

Appellant, Jones, applied to the Board of Adjustment for a permit to establish nonconforming rights to a sign manufacturing shop on said lot. This permit was granted by the Board despite opposition by appellees, who subsequently brought suit in district court. The district court reversed the decision of the Board of Adjustment by granting appellees' motion for summary judgment, and appellants then perfected their appeal to this court.

In their motion for summary judgment, appellees contended that the evidence shows as a matter of law that the admitted nonconforming use was abandoned by Mrs. Jones. Their motion also stated that since Mrs. Jones had failed to register the non-

conforming use in accordance with section 42–35 of the City Code of San Antonio, this nonconforming use was terminated by the provisions of section 42–37(b) of the City Code of San Antonio, hereinafter referred to as City Code.

Section 42–35 of the City Code provides in part as follows:

(a) *Registration.* The owner or owners of the land and/or structure or structures in which nonconforming use is located shall register such nonconforming use by filing with the department of building and planning administration a registration statement for such nonconforming use within three (3) years from the effective date hereof [June 28, 1965]. Nonconforming uses and structures in newly annexed territory shall be registered within one (1) year of their annexation.

Section 42–37(b) provides that failure to comply with the registration requirement terminates the right to operate the nonconforming use.

 We agree with appellees that the right to the nonconforming use has been terminated. It is undisputed that appellant, Mrs. Jones, did not register her nonconforming use. Under section 42–45.3 of the City Code, the powers of the Board of Adjustment are strictly construed and limited to the strict enforcement of the zoning ordinances, and the Board has no discretion to grant a nonconforming use where none exists. *See Board of Adjustment of City of San Antonio v. Willie,* 511 S.W.2d 591 (Tex. Civ.App.—San Antonio 1974, writ ref'd n. r. e.); *Swain v. Board of Adjustment of City of University Park,* 433 S.W.2d 727 (Tex. Civ.App.—Dallas 1968, writ ref'd n. r. e.), *cert. denied,* 396 U.S. 277, 90 S.Ct. 563, 24 L.Ed.2d 465 (1970). In *Willie,* this court upheld the trial court's rendition of a summary judgment, which reversed a decision of the Board of Adjustment on the basis that the evidence did not support the decision of the Board. In discussing the limitations on the power of the Board of Adjustment, this Court held:

A Board of Adjustment acts as a quasi-judicial body, having no statutory power to legislate. It is restricted in its decisions to the powers vested in it by the legislature and city council. It may not materially alter the specific intent and extent of the zoning ordinance as this power is within the province of the city council.

511 S.W.2d at 593. Any judgment in excess of an ordinance under which a Board of Adjustment operates is void. *City of Lufkin v. McVicker,* 510 S.W.2d 141 (Tex.Civ. App.—Beaumont 1973, no writ). When the Board of Adjustment allowed the nonconforming use to continue in direct contravention of section 42–37(b), which requires automatic termination of the right to operate a nonconforming use that is not registered in accordance with section 42–35, it exceeded its authority; therefore, its judgment is void.

 In response, appellant, Mrs. Jones, contends that section 42–35 of the City Code is unconstitutional when applied to the facts of this case because it deprives her of property without due process of law. We disagree. The purpose of this registration ordinance is to provide San Antonio with sufficient knowledge of the nature and extent of nonconforming uses claimed within the City so that the City can consider these nonconforming uses in planning and can monitor their abandonment. Without a registration scheme it would be impossible for San Antonio to begin to implement the plan for the fair and reasonable return of the property to the character of the surrounding neighborhood. This ordinance was enacted to promote the need, health, safety, and general welfare of the public. Since the ordinance bears a reasonable relationship to the object sought to be obtained, it is constitutional. *City of University Park v. Benners,* 485 S.W.2d 773 (Tex.1972), *appeal dismissed,* 411 U.S. 901, 93 S.Ct. 1530, 36 L.Ed.2d 191 (1973); *Lombardo v. City of Dallas,* 124 Tex. 1, 73 S.W.2d 475 (1934).

 This scheme of registration set out in section 42–35 would not benefit San Antonio in carrying out a comprehensive zoning plan without the sanction contained in section 42–37(b). It is well established that

## 786

a reasonable termination of nonconforming use is within the scope of municipal police power. *City of University Park v. Benners,* 485 S.W.2d at 778; *White v. City of Dallas,* 517 S.W.2d 344, 349 (Tex.Civ.App.—Dallas 1974, no writ). In discussing nonconforming uses, the Supreme Court stated in *Benners*:

> There are strong policy arguments and a demonstrable public need for the fair and reasonable termination of nonconforming property uses which most often do not disappear but tend to thrive in monopolistic positions in the community. We are in accord with the principle that municipal zoning ordinances requiring the termination of nonconforming uses under reasonable conditions are within the scope of municipal police power; and that property owners do not acquire a constitutionally protected vested right in property uses once commenced or in zoning classification once made. Otherwise, a lawful exercise of the police power by the governing body of the City would be precluded.

485 S.W.2d at 778. As the sanction for nonregistration, section 42–37(b) also provides for the return of the nonconforming uses of property to that of the surrounding neighborhood. It too bears a fair and reasonable relationship to the object sought to be obtained and is constitutional.

■ Appellant, Mrs. Jones, also makes a procedural due process attack on section 42–35 because she did not receive actual notice of this ordinance when her property was annexed by the City of San Antonio. She contends that the termination of her nonconforming use without special personal notice to her of the requirements of registration is unconstitutional. We disagree.

■ Persons residing in, or having dealings with, a city are presumed to know its ordinances. 31A C.J.S. *Evidence* § 132(2) (1964). In addition, persons living within the limits of an incorporated city are charged with notice of its ordinances. *City of Dallas v. Coffin,* 254 S.W.2d 203 (Tex. Civ.App.—Austin 1953, writ ref'd n. r. e.); *Heisig v. Vaughan & Gardner,* 15 S.W.2d

113 (Tex.Civ.App.—Texarkana 1929, writ ref'd). In *Heisig,* the court said:

> The inhabitants of the city were charged with notice of the adoption of that ordinance and of its provisions, whether they had actual notice or not.
>
> To require more would impair the effects of local legislation and seriously handicap the municipality in the exercise of its governmental functions.

*Id.* at 115. Thus, Mrs. Jones had constructive notice of section 42–35 and was charged with the knowledge of its requirements.

Mrs. Jones cites *City of Houston v. Fore,* 412 S.W.2d 35 (Tex.1967), as authority for her procedural due process attack on section 42–35. *Fore,* which involved the assessment of costs of street improvements against abutting landowners, is not in point. Under a Houston ordinance abutting landowners were assessed costs only after an administrative determination by the city of the lands benefited and the amount of benefit to each tract. The Supreme Court held that when this determination was made by the governing body, actual notice was required, but when the assessment is fixed by an inflexible formula, due process does not require hearing or notice. In *Fore,* the Supreme Court stated:

> For the purpose of this opinion then, we begin with the premise that under the United States Constitution an owner ordinarily is not entitled to notice or hearing before assessment of the cost of public improvements in accordance with an inflexible legislative formula. The rule is otherwise, however, where the legislature, instead of prescribing an inflexible formula, authorizes an administrative determination of the lands benefitted and the amount of benefits accruing to each tract. (footnote omitted)

412 S.W.2d at 37. Unlike *Fore,* sections 42–35 and 42–37(b) establish an inflexible rule for termination when the nonconforming use is not registered. Therefore, actual notice of the ordinance is not required.

The other points raised by appellants have been considered by this court and are overruled.

The judgment of the trial court is affirmed.