

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 20 , 1969

Honorable F. B. Lloyd, Jr.
District Attorney
79th Judicial District
P.O. Box 965
Alice, Texas   78332

Opinion No. M- 494

Re:  Construction of Art. 6252-17,
V.C.S., as amended by S.B. 260,
Ch. 227, Acts 61st Leg.,
requiring governmental
agencies to give notice of
their meetings.

Dear Mr. Lloyd:

In your request for an opinion you state the following:

"The Jim Wells County Judge has requested my opinion concerning the effect of Senate Bill 260, Ch. 227, 61st Legislature, requiring governmental agencies to give public notice of their meetings.

"Section 3A (a) requires 'written notice of the date, place and subject of each meeting.'

"The specific questions I have been requested to answer are as follows:

"1.  With regard to any meeting of the Commissioners' Court, either regular or special, is it sufficient for the notice to state:  'The regular monthly meeting of the Jim Wells County Commissioners' Court will be held at 10:00 a.m. on the ____ day of ____ in the County Courtroom of the Courthouse in Alice, Texas, at which time the Commissioners' Court will consider such matters pertaining to the Jim Wells County business as may come before it.'  Or must an itemized agenda for each meeting be prepared and set out in the notice.

"2. After the notice of a particular meeting has already been posted, if some matter that should be taken up at the meeting, comes to the attention of the County Judge or a County Commissioner, is it necessary for a new notice to be posted, or can the matter be considered without notice?

"3. If some new item of business should come up at the meeting, even though the matter was not on the agenda, and not contemplated by the Commissioners' Court prior to the meeting, and if such matter is not urgent but should be acted upon at that meeting in order to keep from having to call a special meeting, can the Commissioners' Court act on such matter at that time or must they delay consideration and call a special meeting so that notice can be posted?

"4. If the Commissioners' Court should fail, through oversight or for any reason, to post the required notice, would the action taken at such meeting where no notice has been given be void, voidable, or valid and effective?

"5. Who has the responsibility of posting the notices?

"6. What, if any penalty would be imposed upon all or any persons who
        (a) fail to post the notice, or
        (b) participate in a meeting where
no notice was posted?"

The 1969 amendment to said Article 6252-17, in part, reads as follows, to-wit:

"Sec. 3A. (a) Written notice of the date, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section...

"(d) A County governmental body shall have a notice posted on a bulletin board located at a place convenient to the public in the county courthouse...

"(f) Notice of the meeting must be posted
for at least the three days preceding the day of the
meeting. However, in case of emergency or urgent
public necessity, which shall be expressed in the notice,
it is sufficient that the notice is posted before
the meeting is convened or called to order."

### 1.

Where a right is conferred or obligation imposed on the
Commissioners' Court, it has implied authority to exercise a broad
discretion to accomplish the purpose intended. Anderson v. Wood,
137 Tex. 201, 152 S.W.2d 1084 (1941). The notice should
specifically set out any special or unusual matters to be con-
sidered or any matter in which the public has a particular
interest, as well as general statements concerning routine
matters. Of course, an itemized agenda of all matters to be
considered would be in strict compliance with the requirements of
the statutes.

### 2.

If some matter to be considered by the Commissioners'
Court comes to its attention after the notice has been posted, a
supplemental notice should be posted before the meeting is convened
or called to order, as required by Paragraph (f) of Section 3A
of said Article 6252-17.

### 3.

If a routine matter of business comes up at the meeting,
the Commissioners' Court may consider it even though it was not
included in the notice. However, if an unusual matter or one
in which the public has a particular interest comes up at the
meeting, the Commissioners' Court should delay an action thereon
and should not consider such matter until after a proper notice
has been posted.

### 4.

Where the Commissioners' Court has considered a
matter without the required notice, the law presumes that
the action was legal and that the Commissioners' Court acted
in accordance with the law; such presumption prevails in the
absence of and not against proof and may be overcome by
evidence to the contrary. Bollin v. Brazoria County, 381 S.W.2d
206 (Tex.Civ.App., 1964, no writ); 47 Tex.Jur.2d 153 Public
Officers, Section 118. The statute provides that notice
"shall be given." The use of the word "shall" is ordinarily
mandatory. Moyer v. Kelley, 93 S.W.2d 502 (Tex.Civ., 1936, error
dismissed); 53 Tex.Jur.2d 30, Statutes, Section 16.

Statutes regulating the general subject of notice should be strictly complied with. Realty Trust Co. v. Lindsey, 129 Tex. 516, 105 S.W.2d 210 (1937); 41 Tex.Jur.2d 526, Notice, Sec. 8.

It will be presumed that the Commissioners' Court acted legally, but the action of said court would be voidable upon proof that the required notice was not given.

5.

It is the duty of the Commissioners' Court to have the proper notice posted on the bulletin board. Sec. 3A (d) of Article 6252-17, Vernon's Civil Statutes.

6.

While Section 4 of said Article 6252-17 imposes penalties upon any member of the Commissioners' Court who willfully calls a meeting which is closed to the public, the statute does not contain any provision imposing penalties for failure to post notices. However, Section 3 of the statute provides that any interested person may commence an action for the purpose of stopping or preventing violation or threatened violations of the act.

## S U M M A R Y

Notice of a meeting should include any matter other than routine to be considered by the Commissioners' Court. If a matter comes up after notice has been posted, a supplemental notice concerning such matter should be placed on the bulletin board before the meeting of the Commissioners' Court is convened. Routine matters may be considered by the Commissioners' Court without notice, but unusual matters or one in which the public has a particular interest should not be considered by the court until the required notice has been given. The act of the Commissioners' Court will be presumed to be valid but will be voidable upon proof that proper notice was not given. The Commissioners' Court has the responsibility to have the notice posted, but the statute does not impose any penalty upon the members of the court for failing to post the notice or participating in a meeting where no notice was given.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

James Cowden
Houghton Brownlee
Alfred Walker
Roy W. Mouer

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant